ment of the action (see, Domestic Relations Law § 236 [B] [7] [a]; § 240 [1]). There is no support in the record for the husband's assertion that the child resided exclusively with him until November 23, 1990. The court's award of most of the furniture to the wife is not inequitable, given the uncontroverted proof that most of it either was purchased with her separate funds or inherited from her family. Finally, the court's award of $1,500 in attorney's fees to the wife is fair and reasonable. (Appeal from Judgment of Supreme Court, Onondaga County, Murphy, J.—Divorce.) Present—Denman, P. J., Pine, Balio, Boomer and Davis, JJ.

■ SUSAN K. BALCH, Respondent, v DAVID W. BALCH, Appellant. (Appeal No. 2.) [598 NYS2d 1022] —Order unanimously affirmed with costs. Memorandum: The court properly settled the original record on appeal to include those papers, transcripts, evidentiary exhibits, etc., that related to the judgment of divorce appealed by defendant (see, CPLR 5526). The court properly excluded the disputed items from the original record on appeal because those items either related to a preliminary order not appealed by defendant (see, CPLR 5526) or were not considered by the court in rendering judgment.

The court erred in disallowing defendant's attempt to compile a record on his appeal from denial of this motion to settle the original record. Nonetheless, we disregard that error because it was harmless and did not prejudice a substantial right of defendant (see, CPLR 2001). Although the disputed items were improperly excluded from the second record, they were properly excluded from the first. Therefore, the substantive issues on the first appeal (Balch v Balch [appeal No. 1], 193 AD2d 1079 [decided herewith]) must be decided without reference to those items. (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Settle Record.) Present—Denman, P. J., Pine, Balio, Boomer and Davis, JJ.

■ SUSAN K. BALCH, Respondent, v DAVID W. BALCH, Appellant. (Appeal No. 3.) [598 NYS2d 1023] —Order unanimously affirmed with costs. Same Memorandum as in Balch v Balch ([appeal No. 2] 193 AD2d 1080 [decided herewith]). (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Settle Record.) Present—Denman, P. J., Pine, Balio, Boomer and Davis, JJ.

■ JOHN T. WITMER, III, et al., Respondents, v JAMES M. SMITH, Appellant. [598 NYS2d 628] —Order unanimously re-