■ In the Matter of WAPNER, KOPLOVITZ AND FUTERFAS, P.L.L.C., Respondent, v RALPH SOLOMON, Appellant. [776 NYS2d 379]—

Lahtinen, J. Appeals (1) from an order of the Supreme Court (Kavanagh, J.), entered March 7, 2003 in Ulster County, which, in a proceeding pursuant to Judiciary Law § 475, granted petitioner's application to compel respondent to pay counsel fees, and (2) from the judgment entered thereon.

Petitioner, a law firm, seeks the unpaid portion of legal fees that accumulated during its representation of respondent in a divorce action. Respondent retained petitioner in August 2000 and discharged the firm in June 2002. During such time, petitioner sent bimonthly and sometimes monthly itemized bills to respondent. The matrimonial action was characterized by Supreme Court as "particularly contentious" and, in July 2001, a trial was conducted to resolve various issues, including whether certain real property located in the Virgin Islands had been converted from the separate property of respondent's wife to marital property. Respondent prevailed in proving that the property had been transmuted to marital property and received a substantial share of such property (*see Solomon v Solomon,* 307 AD2d 558, 558 [2003], *appeal dismissed* 1 NY3d 546 [2003]).

Petitioner's bills for legal fees during its representation of respondent exceeded $40,000 and respondent did not pay over $20,000 of those bills. When respondent refused to pay any of the remaining balance, petitioner provided him with a notice of his rights to arbitration (*see* 22 NYCRR former 136.5; *see also* 22 NYCRR 137.6). Respondent did not respond to the notice and, thus, petitioner commenced this proceeding. Following a hearing that included the testimony of Joshua Koplovitz—the attorney at the law firm who did much of the work on respondent's matrimonial case—and respondent, Supreme Court awarded petitioner additional counsel fees of $20,616.90. Respondent appeals.

Respondent argues that petitioner was not entitled to any recovery because it failed to produce the written retainer agreement at the hearing. An attorney's failure to adhere to the New York Rules of this Court governing matrimonial actions (*see generally* 22 NYCRR part 1400) certainly may negatively impact the attorney's attempt to recover fees (*see Matter of Serazio-Plant [Channing],* 299 AD2d 696, 698-699 [2002], *lv denied* 100 NY2d 512 [2003]). Here, however, Koplovitz testified that

petitioner signed a written retainer. The agreement provided for, among other things, legal fees at a rate of $175 per hour. Petitioner sent respondent bills on a regular basis. During his testimony at the hearing, respondent did not dispute that a written retainer had been executed. Indeed, in his "reply" to the petition he acknowledged such agreement, asserting that petitioner had "breached the retainer agreement." While petitioner was unable to find the retainer agreement at the time of the hearing, the uncontested proof fully supports Supreme Court's factual determination that a written retainer in compliance with the pertinent rules had been executed and, thus, it was not error for the court to make an award of counsel fees (*cf. Garr v Kinberg*, 3 AD3d 322 [2004]).

Respondent's assertion that petitioner made various mistakes while representing him in the underlying matrimonial action merits only brief comment. The action involved complex issues which necessitated numerous court appearances and, eventually, a trial. The record fully supports Supreme Court's observation that, while some mistakes were made, petitioner's "effort, coupled with the result ultimately achieved, establishes that the fees charged under all of the circumstances were . . . reasonable."

Crew III, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order and judgment are affirmed, with costs.