■ STEVEN R. RILEY, Appellant, v JO ANN E. COUGHTRY, Respondent. [786 NYS2d 588]—

Mugglin, J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered February 5, 2004 in Schenectady County, which denied plaintiff's motion for partial summary judgment.

Plaintiff sued defendant, his attorney in a matrimonial action, pleading three causes of action, breach of contract, legal malpractice and rescission of the arbitration award made in a fee dispute resolution (*see* 22 NYCRR part 1400). Plaintiff sought partial summary judgment on the third cause of action and appeals from Supreme Court's denial of this motion.

Plaintiff paid defendant a fee of $2,500. After the judgment of divorce was filed, plaintiff filed for fee arbitration and sought the return of the entire sum alleging that defendant was discharged for cause and that she failed to render itemized bills

every 60 days (*see* 22 NYCRR 1400.3). Defendant thereafter submitted an itemized bill seeking an additional $4,300 in legal fees. The arbitrator determined that defendant was not discharged for cause and, while the request for the additional $4,300 was not unreasonable, the arbitrator determined it should be reduced to $2,500 because of defendant's failure to render a bill every 60 days and to timely provide other correspondence.

On this appeal, plaintiff makes two arguments. First, he asserts that defendant's total failure to comply with one of the requirements of 22 NYCRR part 1400 justifies denial of all counsel fees to defendant. We agree with Supreme Court that the arbitrator's decision should be upheld unless it lacks evidentiary support or is arbitrary and capricious (*see Matter of Serazio-Plant [Channing]*, 299 AD2d 696, 699 [2002], *lv denied* 100 NY2d 512 [2003]; *Matter of McNamee, Lochner, Titus & Williams [Killeen]*, 267 AD2d 919, 920 [1999]). Substantial compliance with the rules by defendant distinguishes this case from the denial of all fees where there is total noncompliance with the rules (*see Matter of Serazio-Plant [Channing], supra*). We further agree with Supreme Court that the arbitrator's reduction of the additional fee request was an appropriate resolution proportionate to defendant's failure to observe some of the rules and is, therefore, neither arbitrary nor capricious.

We find no merit in plaintiff's other argument that public policy should prevent defendant from submitting an additional bill after plaintiff demanded fee arbitration. First, the record does not support plaintiff's appellate claim that the bill was submitted only in retaliation for his having sought fee arbitration. Moreover, the reasonableness of any claimed fees must be resolved within the arbitration proceeding. Whether they are claimed before or after a demand for arbitration is simply one factor to be weighed by the arbitrator in arriving at a reasoned determination of the issues.

Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.