Antokol & Coffin, Now Known as Antokol, Reisman & Coffin, Respondent, v Nancy E. Myers, Appellant. [927 NYS2d 723]—

Spain, J.

Plaintiff, a law firm in the City of Schenectady, Schenectady County, commenced this action seeking to recover $59,870.36 in legal fees allegedly incurred by defendant in connection with plaintiff's representation of her in a divorce action, concluded now over a decade ago (*Myers v Myers*, 255 AD2d 711, 712 [1998]). Defendant counterclaimed seeking $1.3 million in damages for the alleged malpractice of one of plaintiff's principal attorneys, Richard Antokol. Supreme Court (Kramer, J.) granted plaintiff's motion to dismiss the malpractice counterclaim and, following a 2004 jury trial, entered judgment for plaintiff (*Antokol & Coffin v Meyers*, 30 AD3d 843, 844-845 [2006]). On appeal, this Court affirmed the dismissal of the malpractice counterclaim, but reversed the judgment based on trial error (*id.* at 849).

Upon remittal, a nonjury trial was held before Supreme Court (Catena, J.) at which defendant proceeded pro se. Finding that plaintiff established an account stated, the court awarded plaintiff $55,806.92, plus $67,518.19 in interest. Defendant appeals and, while perfecting the appeal, moved in Supreme Court

to permit her to include several documents in the record on appeal that had not been introduced at the trial. The court granted the motion with respect to four documents that plaintiff consented to include in the record and otherwise denied the motion. Defendant now also appeals from that order. We affirm both the judgment and the order.

" 'An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due' " (*J.B.H., Inc. v Godinez*, 34 AD3d 873, 874 [2006], quoting *Jim-Mar Corp. v Aquatic Constr.*, 195 AD2d 868, 869 [1993], *lv denied* 82 NY2d 660 [1993]). An attorney can recover fees on an account stated "with proof that a bill . . . was issued to a client and held by the client without objection for an unreasonable period of time" (*O'Connell & Aronowitz v Gullo*, 229 AD2d 637, 638 [1996], *lv denied* 89 NY2d 803 [1996]).

At trial, plaintiff introduced evidence of a retainer agreement between Antokol and defendant as well as unpaid invoices for legal fees dated between September 1995 and December 1996. Antokol testified that these invoices were ordinarily sent to defendant on a monthly basis and that defendant did not object to the bills until plaintiff commenced this action. Defendant testified that she did not remember receiving monthly bills but, in her prior deposition testimony, acknowledged that she thought she had received a bill most months. Although defendant claimed to have had "constant conversations about the bills" with Antokol, and Antokol admitted that he made efforts to get her to pay, including offering a 10% discount in February 1996, he testified that defendant never offered a reason for her refusal to pay the bills. Indeed, with the exception of one specific objection to work completed by one of Antokol's colleagues, which defendant ultimately agreed to pay, defendant did not claim to have made objections to any specific bill, despite the language at the end of each bill stating, "The above information will be deemed correct unless objection is made within 30 days." Further, defendant admittedly made no written objections to the bills. Under these circumstances, we agree with Supreme Court that defendant's general claims of verbal refusals to pay did not constitute a specific objection sufficient to defeat plaintiff's cause of action for an account stated (*see Darby & Darby v VSI Intl.*, 95 NY2d 308, 315 [2000]; *J.B.H., Inc. v Godinez*, 34 AD3d at 875-876; *PPG Indus. v A.G.P. Sys.*, 235 AD2d 979, 980 [1997]; *see also Zanani v Schvimmer*, 50 AD3d 445, 446 [2008]).

Next, we find no error in Supreme Court's evidentiary ruling precluding defendant from including in the record on appeal

certain documents not made a part of the record at trial. Specifically, defendant argues that Supreme Court should have considered additional invoices and a "Consent to Change Attorney" form. The trial court is the "final arbiter of the record" and its settlement of the record should not be disturbed absent an abuse of discretion (*People v La Motte*, 276 AD2d 931, 932 [2000]; *see* CPLR 5525 [c]; *Matter of Bonnie RR.*, 141 AD2d 931, 932 [1988]). Here, although defendant objected to the inclusion of plaintiff's invoices at trial on the basis that certain invoices had been omitted, she failed to articulate the relevance of the omitted documents. Indeed, because plaintiff specifically limited its recovery to counsel fees billed after August 1995, after the parties had entered into a retainer agreement, and the omitted invoices were not pertinent to this period of time, they did not form the basis for the debt underlying this action and, thus, Supreme Court did not abuse its discretion in declining to include them in the record on appeal (*see Matter of De Cotis v Malinoski*, 252 AD2d 646, 647 [1998]; *Hodge v LoRusso*, 181 AD2d 1009 [1992]).

Even were defendant correct in arguing that an invoice issued in December 1993 and the consent to change attorney form could demonstrate that plaintiff began to represent her in December, rather than November, of 1993 as found by Supreme Court, we nevertheless hold that the court properly excluded these documents from the record. Defendant asserts that the date the representation began is relevant to whether plaintiff was bound to comply with 22 NYCRR part 1400, which requires an attorney who undertakes to represent a client in a matrimonial action on or after November 30, 1993 to prepare and execute a written retainer agreement and provide a client with a statement of client rights (*see* 22 NYCRR 1400.1, 1400.2, 1400.3). Here, defendant did not sign a retainer agreement and acknowledge receipt of her Statement of Client's Rights and Responsibilities until May 1995, but because plaintiff does not seek to recover fees billed before September 1995, whether compliance with 22 NYCRR part 1400 was necessary before that time is irrelevant. We have considered defendants's other procedural arguments and reject them, finding in all instances that plaintiff substantially complied with 22 NYCRR part 1400 (*see Granato v Granato*, 75 AD3d 434, 434-435 [2010]; *Riley v Coughtry*, 13 AD3d 703, 704 [2004]; *Matter of Wapner, Koplovitz & Futerfas v Solomon*, 7 AD3d 914, 915-916 [2004]).

We will not address defendant's contention that Supreme Court erred in dismissing her malpractice counterclaim as we have previously affirmed dismissal of this claim (30 AD3d at

845-846; *see State Bank of Albany v McAuliffe*, 108 AD2d 979, 980-981 [1985], *lvs denied* 65 NY2d 603, 741 [1985]). Nor are we persuaded that defendant was prejudiced by references to the dismissal of her malpractice claim at trial. It is evident from the record that Supreme Court properly considered the quality of Antokol's work in the context of establishing the reasonableness of the sought counsel fees, notwithstanding its refusal to permit defendant to relitigate her malpractice claim (*cf.* 30 AD3d at 849).

Turning to the adequacy of the services billed for, we agree with Supreme Court that the record demonstrates that plaintiff provided competent representation in a difficult matrimonial matter. Antokol's failure to establish grounds for divorce in defendant's favor, albeit clearly a point of frustration for defendant, was irrelevant, as fault did not affect the equitable distribution of marital assets (*see Howard S. v Lillian S.*, 14 NY3d 431, 435-436 [2010]). Defendant's assertions that Antokol should have presented expert testimony to increase her share of the marital estate and that he was not prepared for trial are counterbalanced by record evidence that Antokol's decisions were part of his trial strategy and his claims that defendant's refusal to follow his advice at times interfered with his ability to achieve better results for her. In sum, the record evidence fully supports Supreme Court's finding that the alleged inadequacies of Antokol's representation are insufficient to undermine plaintiff's right to be paid for its services (*see Matter of Wapner, Koplovitz & Futerfas v Solomon*, 7 AD3d at 916).

Finally, we reject defendant's contention that she was entitled to a subpoena seeking Antokol's bar admissions records from this Court, as we hold that Antokol's sworn testimony and documentary exhibits adequately established that he is an attorney authorized to practice law in New York State.

Peters, J.P., Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment and order are affirmed, without costs.