In the Matter of the Estate of MURIEL H. ALBRIGHT, Deceased. MICHAEL ALBRIGHT, as Executor of MURIEL H. ALBRIGHT, Deceased, Appellant; ERVINA MALIN et al., Respondents. (Appeal No. 1.) [929 NYS2d 911]—

Memorandum: Petitioner, as executor of the estate of his mother (decedent), appeals from two orders of Surrogate's Court entered in connection with an objection proceeding brought by decedent's daughter, who subsequently executed a stipulation of discontinuance with respect to the proceeding. Petitioner is the sole beneficiary of decedent's estate and, in appeal No. 1, he appeals from an order directing him to transfer a vehicle to decedent's grandson, the respondent herein, who was not a party to the objection proceeding. In appeal No. 2, petitioner appeals from an order settling the record on appeal.

Addressing first the order in appeal No. 2, we reject petitioner's contention that the Surrogate erred in determining that correspondence between petitioner's attorney and his sister's attorney that set forth the terms of the agreement to settle the objection proceeding was properly included in the record on appeal. According to the Surrogate's decision, the Surrogate relied upon, inter alia, the correspondence between those attorneys to direct the transfer of a vehicle to decedent's grandson as part of the settlement of the objection proceeding. Thus, the Surrogate properly determined that meaningful review of the order in appeal No. 1 would not be possible were that correspondence not included in the record on appeal. "The trial court is the 'final arbiter of the record' and its settlement of the record should not be disturbed absent an abuse of discretion" (*Antokol & Coffin v Myers*, 86 AD3d 876, 878 [2011]), and we perceive no abuse of discretion here. Furthermore, petitioner is not aggrieved with respect to the order in appeal No. 1 inasmuch as it is based upon the settlement agreement as set forth by his own attorney in the correspondence. We therefore dismiss his appeal from the order in appeal No. 1 (*see Matter of Sterling v Dyal*, 52 AD3d 894 [2008]; *Matter of Cherilyn P.*, 192 AD2d 1084 [1993], *lv denied* 82 NY2d 652 [1993]; *see generally* CPLR 5511). Present—Scudder, P.J., Smith, Carni, Lindley and Martoche, JJ.