charged a nominal membership fee of $25 per year does not trigger the "consideration" exception to the statute (General Obligations Law § 9-103 [2] [b]). It is undisputed that the membership fee was not charged as a prerequisite to use of the trails, which were open to the public at large. Indeed, the friend of decedent who was riding with him that night was not a dues-paying member of Sno-Seekers at the time. Under the circumstances, we conclude that there was an insufficient nexus between the nominal membership dues and the maintenance of the trail to trigger the statutory exception (*see Heminway v State Univ. of N.Y.*, 244 AD2d 979 [1997], *lv denied* 91 NY2d 809 [1998]; *see also Martins v Syracuse Univ.*, 214 AD2d 967 [1995]). Present—Scudder, P.J., Smith, Carni, Lindley and Martoche, JJ.

In the Matter of CHARLES DEMCHIK, Appellant, v COUNTY OF NIAGARA et al., Respondents. [930 NYS2d 170]—

It is hereby ordered that the order so appealed from is unanimously affirmed without costs. Present—Scudder, P.J., Smith, Carni, Lindley and Martoche, JJ.

In the Matter of the Estate of MURIEL H. ALBRIGHT, Deceased. MICHAEL ALBRIGHT, as Executor of MURIEL H. ALBRIGHT, Deceased, Appellant; ERVINA MALIN et al., Respondents. (Appeal No. 1.) [929 NYS2d 911]—

Same memorandum as in *Matter of Albright* (87 AD3d 1294 [2011]). Present—Scudder, P.J., Smith, Carni, Lindley and Martoche, JJ.

In the Matter of the Estate of MURIEL H. ALBRIGHT, Deceased. MICHAEL ALBRIGHT, as Executor of MURIEL H. ALBRIGHT, Deceased, Appellant; ERVINA MALIN et al., Respondents. (Appeal No. 2.) [929 NYS2d 912]—