# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

890
CA 11-00183
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE ESTATE OF MURIEL H.
ALBRIGHT, DECEASED.
------------------------------------------
MICHAEL ALBRIGHT, AS EXECUTOR OF THE ESTATE
OF MURIEL H. ALBRIGHT, DECEASED,
PETITIONER-APPELLANT,
ERVINA MALIN AND TAYLOR D. MALIN,
RESPONDENTS-RESPONDENTS.
(APPEAL NO. 2.)

MEMORANDUM AND ORDER

---

PANZARELLA & COIA, P.C., ROCHESTER (CHAD M. HUMMEL OF COUNSEL), FOR
PETITIONER-APPELLANT.

MELVIN BRESSLER, ROCHESTER, FOR RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Surrogate's Court, Monroe County
(Edmund A. Calvaruso, S.), entered November 30, 2010. The order
settled the record for an appeal from an order entered October 6, 2009
and awarded attorney's fees and expenses to Ervina Malin and Taylor D.
Malin.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed with costs.

Memorandum: Petitioner, as executor of the estate of his mother
(decedent), appeals from two orders of Surrogate's Court entered in
connection with an objection proceeding brought by decedent's
daughter, who subsequently executed a stipulation of discontinuance
with respect to the proceeding. Petitioner is the sole beneficiary of
decedent's estate and, in appeal No. 1, he appeals from an order
directing him to transfer a vehicle to decedent's grandson, the
respondent herein, who was not a party to the objection proceeding.
In appeal No. 2, petitioner appeals from an order settling the record
on appeal.

Addressing first the order in appeal No. 2, we reject
petitioner's contention that the Surrogate erred in determining that
correspondence between petitioner's attorney and his sister's attorney
that set forth the terms of the agreement to settle the objection
proceeding was properly included in the record on appeal. According
to the Surrogate's decision, the Surrogate relied upon, inter alia,
the correspondence between those attorneys to direct the transfer of a
vehicle to decedent's grandson as part of the settlement of the
objection proceeding. Thus, the Surrogate properly determined that

meaningful review of the order in appeal No. 1 would not be possible were that correspondence not included in the record on appeal. "The trial court is the 'final arbiter of the record' and its settlement of the record should not be disturbed absent an abuse of discretion" (*Antokol & Coffin v Myers*, 86 AD3d 876, 878), and we perceive no abuse of discretion here. Furthermore, petitioner is not aggrieved with respect to the order in appeal No. 1 inasmuch as it is based upon the settlement agreement as set forth by his own attorney in the correspondence. We therefore dismiss his appeal from the order in appeal No. 1 (*see Matter of Sterling v Dyal*, 52 AD3d 894; *Matter of Cherilynn P.*, 192 AD2d 1084, *lv denied* 82 NY2d 652; *see generally* CPLR 5511).

Entered:  September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court