## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  November 3, 2016          520149
                                                521228
_____

DEBORAH J. TAYLOR, Individually
    and as Trustee of the
    DEBORAH J. TAYLOR REVOCABLE
    INTERVIVOS TRUST U/A 3/31/06,
    et al.,
                        Respondents,

        v
                                        MEMORANDUM AND ORDER
MARK C. CASOLO,

                        Respondent,

        and

WILDERNESS CAPITAL GROUP, LTD.,
    et al.,
                        Appellants,
                        et al.,
                        Defendants.
_____


Calendar Date:   September 9, 2016

Before:   McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.

_____

        Paul D. Jaffe, White Plains, for appellants.

        Timothy J. O'Connor, Albany, for Deborah J. Taylor and
others, respondents.

        Mark C. Casolo, Hudson, respondent pro se.

_____

Clark, J.

Appeals (1) from an order of the Supreme Court (Chauvin, J.), entered May 7, 2014 in Saratoga County, which granted defendant Mark C. Casolo's motion to disqualify the attorney for defendants Emilio Locascio, Wilderness Capital Group, Ltd. and Eagle Capital Group LLC from representing them in the instant action, and (2) from an order of said court, entered February 11, 2015 in Saratoga County, which settled the record on appeal.

On October 6, 2008, defendants Mark C. Casolo and Emilio Locascio entered into an agreement memorializing, among other things, their 50-50 ownership interest in defendant Wilderness Capital Group, Ltd. (hereinafter Wilderness), a "land holding company" that they had formed for the purpose of acquiring and developing certain parcels of real property in the Town of Schroon, Essex County, known as the Davis Motel Property. Wilderness subsequently obtained title to that property. In March 2009, Paul Jaffe – the attorney for Locascio, Wilderness and defendant Eagle Capital Group LLC (hereinafter Eagle) in the present action – notified Casolo that, pursuant to the terms of the October 6, 2008 agreement, as purportedly modified by a subsequent agreement, he was no longer an officer or director of Wilderness and that his stock ownership of class A voting shares had been canceled, revoked and forfeited to Locascio. In February 2010, title to the Davis Motel Property was transferred from Wilderness to Eagle, a limited liability company owned by Locascio.

In this action, plaintiffs assert various causes of action stemming from the alleged theft, embezzlement or fraudulent diversion of their respective investment funds. In particular, plaintiffs Kenneth Wolosoff and Judith Wolosoff assert that they were defrauded into investing money in Wilderness for the purpose of acquiring the Davis Motel Property and that they have an interest in Wilderness. The remaining plaintiffs allege, among other things, that Casolo caused the unauthorized transfer of funds from their securities brokerage accounts into the accounts of defendant Wilderness Partners, LLC or defendant Escalation Capital Group Limited and that such wrongfully diverted funds

were used to purchase the Davis Motel Property.  Plaintiffs seek, among other relief, a judicial determination as to their individual interests in the Davis Motel Property.  Wilderness, Eagle and Locascio (hereinafter collectively referred to as the Locascio defendants) joined issue, but Casolo, along with several other defendants, defaulted.

Following extensive discovery and motion practice, including an order to show cause by plaintiffs to extend the notice of pendency on the Davis Motel Property and cross motions for summary judgment,[1] Casolo moved to disqualify Jaffe from representing the Locascio defendants on the basis of various conflicts of interest and Jaffe's status as a potential witness in the action.  Supreme Court granted the motion and disqualified Jaffe from representing any party in the action.  The Locascio defendants appealed, and plaintiffs subsequently moved to strike the record on appeal, arguing that the order to show cause, cross motions for summary judgment and related exhibits should have been included.  This Court denied the motion and directed the Locascio defendants to make an application in Supreme Court to settle the record on appeal.  Upon such motion, Supreme Court ruled that the order to show cause, cross motions for summary judgment and all affirmations, affidavits and exhibits submitted therewith were to be included in the record on appeal.  The Locascio defendants also appealed from the order settling the record on appeal.

Initially, Supreme Court properly settled the record on appeal to include the order to show cause, the cross motions for summary judgment and all affirmations, affidavits and exhibits submitted therewith.  As reflected in the trial court's decision, these documents were expressly considered by the court in

---

[1]  Notwithstanding that the brief submitted by the Locascio defendants contains an argument challenging the notice of pendency on the Davis Motel Property — which appears to have been mistakenly included — and plaintiffs' arguments in response, we note that the notice of pendency is not at issue in either of the orders appealed from here.

connection with Casolo's application to disqualify Jaffe and are relevant to the issues raised by the Locascio defendants on their appeal from the disqualification order (see CPLR 5526; 22 NYCRR 800.5; Cramer v Englert, 283 AD2d 871, 872 [2001]).

Supreme Court also properly disqualified Jaffe from representing any of the Locascio defendants.[2] Under the so-called advocate-witness rule (see People v Ortiz, 26 NY3d 430, 437-438 [2015]), subject to certain exceptions not applicable here, "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [a]). Here, Jaffe is likely to be a witness on significant issues of fact by virtue of his involvement in the acquisition of the Davis Motel Property by Wilderness and then Eagle, the formation of Wilderness and Eagle and the alleged execution of the agreement amending the October 6, 2008 agreement, all of which he acknowledged in his deposition testimony. In addition, Jaffe has been subpoenaed to testify at trial concerning these topics. In view of the foregoing, Supreme Court did not abuse its discretion in disqualifying Jaffe from representing the Locascio defendants in this action (see Gould v Decolator, 131 AD3d 448, 449-450 [2015]; Lauder v Goldhamer, 122 AD3d 908, 910-911 [2014]; Roche v Claverack Coop. Ins. Co., 59 AD3d 914, 919 [2009]; compare Bullard v Coulter, 246 AD2d 705, 706 [1998]). Moreover, even if Jaffe were not disqualified from

---

[2] We are unpersuaded that Casolo, as a party in default, lacked standing to seek the disqualification of Jaffe. The record reflects Locascio's and Casolo's divergent positions as to their respective ownership interests in the Davis Motel Property and the resolution of such issue may impact the relief ultimately awarded to plaintiffs, if any. Moreover, "the integrity of the judicial system and preserv[ation of] the ethical standards of the legal profession" are matters of public interest (Matter of Abrams [John Anonymous], 62 NY2d 183, 197 [1984]; accord People v Liuzzo, 167 AD2d 963, 963 [1990], appeal dismissed 77 NY2d 866 [1991]; see generally S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 443 [1987]).

representing the Locascio defendants under the advocate-witness rule, we would nonetheless find that his disqualification was warranted based on his representation of Wilderness at a time when Locascio's and Casolo's interests were aligned and their respective ownership interests in Wilderness were not in dispute (see Guiliano v Carlisle, 211 AD2d 757, 758 [1995]; compare Stilwell Value Partners IV, L.P. v Cavanaugh, 123 AD3d 641, 641-642 [2014]).

Furthermore, the Locascio defendants' claim of judicial bias is unpreserved (see Douglas v Kingston Income Partners '87, 2 AD3d 1079, 1082 [2003]; lv denied 2 NY3d 701 [2004]; Matter of Aaron v Kavanagh, 304 AD2d 890, 891 [2003], lv denied 1 NY3d 502 [2003]) and, in any event, without merit. The remaining arguments raised by the Locascio defendants, to the extent not expressly addressed herein, have been considered and rejected.

McCarthy, J.P., Egan Jr., Devine and Aarons, JJ., concur.

ORDERED that the orders are affirmed, with one bill of costs.

ENTER:

Robert D. Mayberger
Clerk of the Court