Matter of Ahnna N. (Rosa N.) (2024 NY Slip Op 03575)

Matter of Ahnna N. (Rosa N.)

2024 NY Slip Op 03575

Decided on July 3, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 3, 2024

CV-23-2318
[*1]In the Matter of Ahnna N. and Another, Permanently Neglected Children. Chemung County Department of Social Services, Respondent; Rosa N., Appellant. (And Another Related Proceeding.)

Calendar Date:May 30, 2024

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Powers, JJ.

Lisa K. Miller, McGraw, for appellant.
M. Hyder Hussain, County Attorney, Elmira (Damian M. Sonsire of counsel), for respondent.
Pamela B. Bleiwas, Ithaca, attorney for the children.

McShan, J.
Appeal from an order of the Family Court of Chemung County (Mary M. Tarantelli, J.), entered November 6, 2023, which, among other things, in a proceeding pursuant to Social Services Law § 384-b, denied respondent's motion to settle the record on appeal.
Respondent Rosa M. (hereinafter the mother) and Michael N. (hereinafter the father) are the parents of the two subject children (born in 2012 and 2015). Petitioner commenced a permanent neglect proceeding against the mother and an abandonment proceeding against the father, seeking to terminate their parental rights. Following a combined fact-finding hearing, the subject children were adjudicated as permanently neglected by the mother and abandoned by the father. Upon petitioner's consent, Family Court issued both parents one-year suspended judgments and assigned Court Appointed Special Advocates (hereinafter CASA) to, among other things, report on the parents' compliance with court orders. Thereafter, petitioner and the attorney for the children moved to revoke the parents' suspended judgments and to terminate their parental rights. Following a subsequent fact-finding hearing, the court, finding that the parents had violated the terms of the suspended judgments, revoked the suspended judgments and terminated their parental rights.
In preparation for an appeal, the mother moved before Family Court to settle the record, including in her proposed record several CASA reports generated after the suspended judgment. Petitioner opposed, arguing that the reports should not be included in the record because they had not been offered into evidence at the fact-finding hearing and Family Court had not referenced the reports in its final decision.[FN1] The court, among other things, denied the mother's motion in a November 2023 order, and the mother appeals.[FN2]
We affirm. CPLR 5526 states that "[t]he record on appeal from a final judgment shall consist of the notice of appeal, the judgment-roll, the corrected transcript of the proceedings . . . , any relevant exhibits, . . . any other reviewable order, and any opinions in the case" (CPLR 5526; see Matter of Christopher RR. v St. Lawrence County Dept. of Social Servs., 113 AD3d 899, 899 [3d Dept 2014]). "The judgment-roll shall contain the summons, pleadings, admissions, each judgment and each order involving the merits or necessarily affecting the final judgment" (CPLR 5017 [b]). To that end, a document shall not be included in the record on appeal where it was not submitted to the court on any pretrial motion, offered as an exhibit at trial or where the court did not consider the document when making its decision (see Xiaoling Shirley He v Xiaokang Xu, 130 AD3d 1386, 1387-1388 [3d Dept 2015], lv denied 26 NY3d 904 [2015]; Cramer v Englert, 283 AD2d 871, 871 [3d Dept 2001]; Balch v Balch, 193 AD2d 1080, 1080 [4th Dept 1993]; Matter of Yanoff v Commissioner of Educ. of State of N.Y., 64 AD2d 763, 763 [3d Dept 1978]). Significantly, "[t]he trial court is the final arbiter [*2]of the record and its settlement of the record should not be disturbed absent an abuse of discretion" (Antokol & Coffin v Myers, 86 AD3d 876, 878 [3d Dept 2011] [internal quotation marks and citation omitted]).
Here, there is no dispute that the CASA reports in question were not offered as evidence during the revocation hearing, which renders them beyond consideration by this Court on appeal (see CPLR 5017 [b]; Matter of Wind Power Ethics Group [WPEG] v Zoning Bd. of Appeals of Town of Cape Vincent, 60 AD3d 1282, 1283 [4th Dept 2009]; Shuler v Dupree, 14 AD3d 548, 549 [2d Dept 2005], lv dismissed 5 NY3d 730 [2005]; Matter of De Cotis v Malinoski, 252 AD2d 646, 647 [3d Dept 1998]).[FN3] Moreover, there is no indication that Family Court relied upon those CASA reports or that such reports necessarily affected the court's final judgment (see Matter of Wheeler v Wheeler, 162 AD3d 1517, 1518 [4th Dept 2018]; Matter of Cicardi v Cicardi, 263 AD2d 686, 687 [3d Dept 1999]; Balch v Balch, 193 AD2d 1080, 1080 [4th Dept 1993]; compare Matter of Andreija N. [Michael N.], 177 AD3d 1236, 1238 n 2 [3d Dept 2019]; Taylor v Casolo, 144 AD3d 1209, 1211 [3d Dept 2016], lv dismissed 30 NY3d 962 [2017]). Although the advocate who authored the CASA reports in question testified during the hearing, her testimony was limited to acknowledging the preparation of the reports and the efforts expended in that respect. To that end, the advocate did not testify directly about the content of the reports at any point during the court's examination and Family Court did not reference the CASA reports in its decision revoking the suspended judgments. Altogether, we find that the court did not abuse its discretion in denying the mother's motion to include the reports in the record on appeal (see Matter of Nataylia C.B. [Christopher B.], 150 AD3d 1657, 1658 [4th Dept 2017], lv denied 29 NY3d 919 [2017]; Antokol & Coffin v Myers, 86 AD3d at 878; see also Matter of Dyno v Village of Johnson City, 255 AD2d 737, 737 [3d Dept 1998]). The mother's remaining contentions have been considered and found unavailing.
Clark, J.P., Aarons, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Petitioner also cross-moved to include a transcript in the record. The mother does not raise any contention pertaining to that part of Family Court's order granting such relief, rendering any argument on that point abandoned.

Footnote 2: The attorney for the children supports the mother's position.

Footnote 3: Several CASA reports were introduced as evidence at the revocation hearing. However, those reports are separate from the ones the mother now seeks to include in the record on appeal.