■ ROBERT J. AMENDOLA, Respondent v BASEMENT WATERPROOFING Co. OF FLUSHING, INC., et al., Appellants. [610 NYS2d 313] —In an action to recover damages for, *inter alia,* breach of contract, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Hart, J.), dated April 2, 1992, as *inter alia,* (1) denied their motion to dismiss the plaintiff's first, second, and third causes of action and (2) found that the clause limiting damages is unconscionable.

Ordered that the order is modified by deleting the provision thereof denying the branch of the defendants' motion which is to dismiss the second and third causes of action and substituting therefor a provision granting the motion with respect to the second and third causes of action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

UCC article 2 does not apply to the provisions of the contract in question since it is predominately a contract for the rendition of work, labor, and services, rather than for the sale of goods *(see, Milau Assocs. v North Ave. Dev. Corp.,* 42 NY2d 482). Accordingly, the plaintiff's second and third causes of action sounding in breach of personal property sales warranties may not be maintained.

The court properly denied the branch of the defendants' motion which is to dismiss the first cause of action sounding in breach of contract. Moreover, contrary to the defendants' contention, the court properly determined that the clause limiting damages which is contained in the parties' contract is unconscionable as a matter of law *(see,* General Obligations Law § 5-323).

We find no merit to defendants' remaining contention. Lawrence, J. P., O'Brien, Joy and Florio, JJ., concur.