■ O'CONNELL AND ARONOWITZ, Respondent, v PETER GULLO et al., Appellants. [644 NYS2d 870] —White, J. Appeal from a judgment of the Supreme Court (Lynn, J.H.O.), entered July 25, 1995 in Albany County, upon a decision of the court in favor of plaintiff.

In 1987, defendant Peter Gullo, a real estate developer and 50% shareholder in defendant corporations, Independent Properties Company, Inc. and Barlo Rapp Properties Company, Inc., retained plaintiff to represent Independent in a mortgage foreclosure action. As time progressed, plaintiff's retainer expanded to the point that it became Gullo's general counsel.

When the parties' relationship terminated in April 1991, plaintiff claimed that defendants owed it legal fees and in November 1991 commenced this action to collect them, asserting causes of action sounding in breach of contract and account stated. At the conclusion of a nonjury trial, Supreme Court issued a judgment in plaintiff's favor, prompting this appeal by defendants.

Defendants advance two principal arguments for reversal, to wit: (1) Supreme Court erred in finding Gullo personally liable for the fees for services rendered to Independent, and (2) plaintiff's proof was deficient in that it did not prove that its fees were fair and reasonable. For the reasons that follow, we reject these arguments and, accordingly, affirm.

In determining that Gullo was personally responsible for the fees owed by Independent, Supreme Court fully credited plaintiff's testimony that when it was initially retained by Gullo for Independent, Gullo was told that plaintiff would look to him for payment since it was not familiar with Independent, a condition it reiterated when it became Gullo's general counsel. Even though our authority in reviewing a nonjury trial is as broad as the trial court's, we give due deference to the trial court's assessment of credibility issues given its advantage of seeing the witnesses and assessing their demeanor (see, *Northern Westchester Professional Park Assocs. v Town of Bedford*, 60 NY2d 492, 499; *Hoover v Durkee*, 212 AD2d 839, 841). As there is nothing in the record that dissuades us from accepting Supreme Court's assessment of the parties' credibility, we shall not disturb its finding on this point.

As mentioned, one of plaintiff's causes of action was for an account stated. An attorney can recover under such cause of action with proof that a bill, even if unitemized, was issued to a client and held by the client without objection for an unreasonable period of time (see, *Legum v Ruthen*, 211 AD2d 701, 703; *Shea & Gould v Burr*, 194 AD2d 369, 370; *Ingber v Pirog*, 176 AD2d 1163, 1164). It is not necessary to establish the reasonableness of the fee since the client's act of holding the statement without objection will be construed as acquiescence as to its correctness (see, *Chisholm-Ryder Co. v Sommer & Sommer*, 70 AD2d 429, 431; see also, 1 NY Jur 2d, Accounts and Accounting, § 19).

Here, plaintiff's proof shows that statements were rendered to Gullo in September 1990 for an outstanding balance in the amount of $33,525, in April 1991 in the amount of $19,780, in June 1991 in the sum of $55,197 and to defendant corporations in June 1991 in the total amount of $8,078. The credible evi-

dence shows that none of these statements was objected to until the commencement of this action. Taking into account Gullo's status as a sophisticated business person, the magnitude of the bills and the length of time they were held without objection, we concur with Supreme Court that plaintiff established an account stated (*see, Jim-Mar Corp. v Aquatic Constr.*, 195 AD2d 868, 870, *lv denied* 82 NY2d 660). We note that the account stated was not impeached by defendants' proof that plaintiff double-billed for some items since this error was rectified at trial and the correction was reflected in Supreme Court's decision.

Cardona, P. J., Mikoll, Mercure and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.