M & A CONSTRUCTION CORPORATION, Appellant, v TIMOTHY J. MCTAGUE et al., Respondents. [800 NYS2d 235]—

Mugglin, J. Appeals (1) from an order and judgment of the Supreme Court (Williams, J.H.O.), entered November 28, 2003 in Sullivan County, upon a decision of the court in favor of defendants, and (2) from an order and judgment of said court, entered September 27, 2004 in Sullivan County, which awarded defendants counsel fees.

Plaintiff, after examining architectural plans and specifica-

tions as modified by defendants, agreed to construct a personal residence for defendants for the sum of $384,264. With respect to counsel fees on breach of the agreement, the contract provided: "THE FAILURE OF EITHER PARTY TO COMPLY WITH THE TERMS OF THIS AGREEMENT WILL OBLIGATE THAT PARTY TO PAY ALL EXPENSES AND COSTS, INCLUDING A REASONABLE ATTORNEY'S FEE INCURRED BY THE OTHER PARTY BECAUSE OF THE FAILURE, WHETHER SUIT IS INSTITUTED OR NOT." Various disputes resulted in plaintiff filing a mechanic's lien on October 5, 1998 in the amount of $37,230.06 and defendants' termination of plaintiff on October 8, 1998. By action commenced November 15, 1999, plaintiff sought to foreclose the lien, to recover the sum of $34,994.91 either on a theory of quantum meruit or a theory of account stated, and to recover counsel fees. Defendants counterclaimed seeking to recover the cost of completing the work, the cost of repairing defective work, discharge of the lien and resultant damages occasioned by the willful exaggeration of the lien, and counsel fees. Supreme Court dismissed all of plaintiff's claims, awarded defendants $4,438.63 for the cost of completing the work and $38,575.50 in counsel fees and dismissed the remainder of the counterclaims. Plaintiff's subsequent motion for a declaration that neither party was entitled to counsel fees was denied by Supreme Court and plaintiff appeals.

We affirm. First, as plaintiff did not institute the action to foreclose the mechanic's lien within one year and did not submit proof that it had been extended pursuant to court order, the validity of the lien was not established as a matter of law and Supreme Court correctly dismissed this cause of action (see Lien Law § 17; MCK Bldg. Assoc. v St. Lawrence Univ., 5 AD3d 911, 912 [2004]; Gallo Bros. Constr. v Peccolo, 281 AD2d 811, 813 [2001]). Next, the existence of a valid and enforceable contract which provides for full compensation to plaintiff in return for the furnishing of goods and the performance of the work precludes recovery under a theory of quantum meruit (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388-389 [1987]; Steven Strong Dev. Corp. v Washington Med. Assoc., 303 AD2d 878, 882 [2003]; Tako Holdings v Tillman, 272 AD2d 394, 396 [2000], lv denied 95 NY2d 770 [2000]).

With respect to the cause of action for an account stated, we see no basis for disturbing Supreme Court's credibility determinations (see e.g. Sawhorse Lbr. & More v Perrotta, 279 AD2d 733, 734 [2001]). An account stated represents an agreement between the parties reflecting amounts due on prior transactions (see Jim-Mar Corp. v Aquatic Constr., 195 AD2d 868, 869 [1993], lv denied 82 NY2d 660 [1993]). Where either no account

has been presented or there is any dispute regarding the correctness of the account, the cause of action fails (*see Abbott, Duncan & Wiener v Ragusa,* 214 AD2d 412, 413 [1995]). Here, Supreme Court found that defendants disputed aspects of the accounts and informed plaintiff that payment was being withheld because certain work had not been completed. Moreover, plaintiff admitted that at least one of the accounts was not correct.

We have examined the balance of plaintiff's contentions on this appeal and find them to be without merit or not preserved for appellate review. Since plaintiff failed to prevail on any cause of action set forth in the complaint, it is not entitled to an award of counsel fees under the contract provision. Moreover, the record supports Supreme Court's conclusion that defendants complied with the requirements of the contract and that plaintiff failed to do so, authorizing the award of reasonable counsel fees to defendants. Notably, plaintiff does not dispute the reasonableness of the award, asserting only that neither party was entitled to recover counsel fees.

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the orders and judgments are affirmed, with costs.