■ David Resnick et al., Plaintiffs, v Yechiel Lebovitz et al., Defendants and Third-Party Plaintiffs-Respondents. Marko Specialty, Inc., Third-Party Defendant-Appellant. [813 NYS2d 480]—

In an action, inter alia, to recover damages for breach of contract and breach of warranty, the third-party defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Rockland County (Bergerman, J.), entered August 30, 2004, as, upon an order of the same court dated July 29, 2004, denying its motion to vacate its default in answering the third-party complaint and granting the motion of the defendants third-party plaintiffs for leave to enter a default judgment in the principal sum of $35,000, is in favor of the defendants third-party plaintiffs and against it on the third-party claim for indemnification in the principal sum of $35,000.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the motion for leave to enter a default judgment in the principal sum of $35,000 is denied, the

motion to vacate the default is granted, and the order is modified accordingly.

The third-party complaint is based on allegations that the third-party defendant, Marko Specialty, Inc. (hereinafter Marko), warrantied that the work it performed at the subject premises was guaranteed to prevent any future "seepage" into the basement. Because Marko's contract was primarily one for services, Marko may not be subjected to liability on the theory that it violated any implied or express warranty (*see Milau Assoc. v North Ave. Dev. Corp.*, 42 NY2d 482 [1977]; *see also Perlmutter v Beth David Hosp.*, 308 NY 100, 104 [1954]; *Rochester Fund Muns. v Amsterdam Mun. Leasing Corp.*, 296 AD2d 785, 787 [2002]; *Vitolo v Dow Corning Corp.*, 234 AD2d 361 [1996]; *Amendola v Basement Waterproofing Co. of Flushing*, 203 AD2d 403 [1994]; *Horn Waterproofing Corp. v Bushwick Iron & Steel Co.*, 105 AD2d 684, 685 [1984], *revd on other grounds* 66 NY2d 321 [1985]). In light of this rule, the third-party complaint, which contains no allegations of negligence, fails to state a cause of action (*see* CPLR 3211 [a] [7]). Moreover, there is no indication that the defendants third-party plaintiffs (hereinafter the respondents) have any valid unpleaded cause of action against Marko.

That Marko defaulted did not give rise to a "mandatory ministerial duty" to enter a default judgment against it (*Gagen v Kipany Prods.*, 289 AD2d 844, 846 [2001]). Rather, the respondents were required to demonstrate that they at least had a viable cause of action (*see Fappiano v City of New York*, 5 AD3d 627 [2004]; *Green v Dolphy Constr. Co.*, 187 AD2d 635 [1992]; *Cree v Cree*, 124 AD2d 538, 541 [1986]). They were required to support their motion for a default judgment (*see* CPLR 3215) with at least "enough facts to enable [the] court to determine that a viable cause of action exists" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003], citing 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 3215.24). Since the respondents failed to establish that they had a viable cause of action against Marko, the respondents' motion for leave to enter a default judgment in the principal sum of $35,000 should have been denied, and the motion to vacate the default should have been granted. Prudenti, P.J., Adams, Spolzino and Covello, JJ., concur.