■ J.B.H., INC., Respondent, v GILBERT GODINEZ et al., Appellants. [823 NYS2d 576]—

Crew III, J.P. Appeal from an order of the Supreme Court (Spargo, J.), entered April 28, 2005 in Albany County, which, inter alia, partially granted plaintiff's motion for summary judgment.

In December 2000, defendants' basement flooded, allegedly due to the Town of Colonie's negligent design, construction and maintenance of a pond located approximately 200 feet north of defendants' residence. Upon learning that their insurance company would not cover the resulting damage, defendants contacted an independent adjuster who, in turn, apparently contacted plaintiff, a disaster recovery services company, to perform the necessary cleanup. Certain of plaintiff's employees appeared at defendants' home, whereupon defendant Lilian Godinez (hereinafter Godinez) authorized them to remove "[a]nything that was wet" from the basement. At some point thereafter, defendant Gilbert Godinez executed a work authorization form, which listed the Town of Colonie as defendants' insurance company, agreeing "to be responsible for any deductible my (our) insurance company does not cover." Godinez acknowledged receiving at least one invoice from plaintiff, which neither she nor her husband paid. According to Godinez, she forwarded the invoice to the Town Supervisor for payment and, in January 2002, her husband sent plaintiff's general manager a letter advising that "the matter is in progress." Although Godinez could not specifically recall receiving additional invoices or correspondence from plaintiff, she acknowledged that it was possible, stating that the receipt of such documents from plaintiff would not have concerned her particularly given that she deemed the invoices to be "fake" and found plaintiff's attempts to hold her and/or her husband financially responsible for such charges "an insult."

Following various demands for payment, plaintiff commenced this action in December 2003 for breach of contract, account stated and quantum meruit seeking to recover the moneys allegedly owed by defendants. Following joinder of issue and discovery, plaintiff moved for summary judgment, and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiff's motion for summary judgment on its cause of action for account stated and denied defendants' cross motion. This appeal by defendants ensued.

We affirm. "An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due" (*Jim-Mar Corp. v Aquatic Constr.*, 195 AD2d 868, 869 [1993], *lv denied* 82 NY2d 660 [1993] [citations omitted]; *see Citibank [S.D.] v Jones*, 272 AD2d 815, 815-816 [2000], *lv denied* 95 NY2d 764 [2000]). Such an agreement, in turn, "may be express or . . . implied from the retention of an account

rendered for an unreasonable period of time without objection and from the surrounding circumstances" (*Jim-Mar Corp. v Aquatic Constr., supra* at 869). Although a cause of action for account stated will fail "[w]here either no account has been presented or there is any dispute regarding the correctness of the account" (*M & A Constr. Corp. v McTague*, 21 AD3d 610, 611-612 [2005]), "[s]ilence is deemed acquiescence and warrants enforcement of the implied agreement to pay" (*Chisholm-Ryder Co. v Sommer & Sommer*, 70 AD2d 429, 431 [1979]).

In support of its motion for summary judgment, plaintiff tendered an affidavit from its president, wherein he averred that plaintiff began billing defendants in February 2001, continued to bill them thereafter and "did not receive any objection to the bills until commencement of this lawsuit." A copy of the various invoices, statements of accounts and correspondence directed to defendants also accompanied plaintiff's motion papers. As noted previously, Godinez admittedly received at least one invoice from plaintiff—addressed to both her and her husband, which neither she nor her husband paid. Additionally, Godinez testified that her husband's only contact with plaintiff following the initial invoice was the letter advising that "the matter [was] in progress," that she could not specifically recall objecting to the invoice and, in any event, that neither she nor her husband ever voiced any objection in writing to the sum demanded. Such proof, in our view, was more than sufficient to discharge plaintiff's initial burden on its motion for summary judgment.

In opposition thereto, defendants primarily rely upon their respective affidavits and Godinez's examination before trial testimony. In this regard, when asked at her examination before trial whether she ever disputed the sum due, she responded, "Oh, probably did, but to what extent, I don't remember." Similarly, although Godinez testified that she observed certain discrepancies in plaintiff's bill and now claims that plaintiff's employees improperly removed various items from defendants' basement, she conceded that she never sent plaintiff anything in writing and could not recall, during her various conversations with plaintiff's representatives, whether the substance of the bill ever was discussed. She may have called to complain, or she may simply have set the bill and/or other correspondence received from plaintiff aside unopened. Such testimony, which merely alludes to the possibility of a generalized oral protest, falls far short of raising a question of fact as to the existence of an account stated (*see Darby & Darby v VSI Intl.*, 95 NY2d 308, 315 [2000]; *George S. May Intl. Co. v Thirsty Moose, Inc.*, 19

AD3d 721, 722 [2005]; *compare M & A Constr. Corp. v McTague, supra* at 612 ["(the) defendants disputed aspects of the accounts and informed (the) plaintiff that payment was being withheld because certain work had not been completed"]; *1000 N. of N.Y. Co. v Great Neck Med. Assoc.*, 7 AD3d 592, 593 [2004] ["the defendants set forth specific, as opposed to general, allegations of protest in support of their position, as they related to whom and when their objections to the . . . invoices were made"]).

As a final matter, we reject defendants' assertion that Godinez has no liability here. Godinez admittedly authorized plaintiff's employees to remove the "wet stuff" from the basement, accompanied plaintiff's employees into the basement and showed them what to remove, received at least one invoice addressed to her and her husband, forwarded that invoice to the Town of Colonie, allowed such invoice to remain unpaid and, at best, may have voiced some unspecified, generalized objection thereto. In our view, such circumstances permit the finding of an implied agreement between Godinez and plaintiff and, as such, the absence of her signature on the work authorization is of no moment. Defendants' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.