■ SCHULTE ROTH & ZABEL, LLP, Respondent, v PHILIP J. KASSOVER, Appellant. [916 NYS2d 41]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered November 20, 2009, awarding plaintiff the principal sum of $579,821.67, and bringing up for review an order, same court and Justice, entered November 17, 2009, which granted plaintiff's motion for summary judgment on its cause of action for an account stated and summary judgment dismissing defendant's affirmative defenses and counterclaims, and denied defendant's cross motion for summary judgment, unanimously affirmed, without costs. The Clerk is directed to unseal the record.

Defendant client's occasional oral objections to plaintiff law firm's bills were insufficient to raise an issue of fact as to the existence of an account stated (*see Duane Morris LLP v Astor Holdings Inc.*, 61 AD3d 418, 419 [2009]). At deposition, he was unable to relate any objection to a specific amount or invoice and had an extensive history of partial payment, including writings acknowledging the debt.

Evidence that plaintiff failed to read an order entered on consent before its entry, allowed the time for an appeal from that order to lapse, and abandoned defendant on a stay application just days before a material event raised a triable issue as to whether plaintiff's conduct fell below the standard of the profession (*see Bernstein v Oppenheim & Co.*, 160 AD2d 428, 430-431 [1990]). However, because defendant was unable to show that, but for counsel's errors, he would have prevailed, his malpractice claims were correctly dismissed (*see Schwartz v Olshan Grundman Frome & Rosenzweig*, 302 AD2d 193, 198 [2003]).

Defendant's contention that plaintiff lacked "good cause" to withdraw from representation, as the engagement agreement required, is without merit. Defendant's contract claim is based on the same facts and circumstances as the malpractice claim and was properly dismissed as duplicative (*see Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo*, 290 AD2d 399, 400 [2002]). In any event, it is clear that defendant would not have won the stay he sought in District Court and that any legal fees incurred in pursuit of his ultimately unsuccessful attempts to enforce the shareholder agreement or to contest the Bankruptcy Court's subject matter jurisdiction would have inured to plaintiff firm, rather than some other firm, had plaintiff not withdrawn. Defendant, therefore, sustained no damages as a result of the asserted breach.

Although this appeal was heard on a record sealed by Supreme

Court, counsel advised this Court, at argument, that there is no reason for confidentiality. In keeping with the strong public interest in the openness of court proceedings, we direct that the record be unsealed (*see* 22 NYCRR 216.1 [a]; *Danco Labs. v Chemical Works of Gedeon Richter*, 274 AD2d 1, 6 [2000]). Concur—Tom, J.P., Saxe, Moskowitz, DeGrasse and Abdus-Salaam, JJ.