■ WHITEMAN, OSTERMAN & HANNA, LLP, Respondent, v RANDALL OPPITZ, Appellant. [963 NYS2d 432]—

Egan Jr., J. Appeal from an order of the Supreme Court (Connolly, J.), entered December 12, 2011 in Albany County, which granted plaintiff's motion for summary judgment.

In December 2005, defendant retained plaintiff to perform various legal services in connection with a real estate transaction. In the years that followed, plaintiff also represented defen-

dant with respect to—insofar as is relevant here—two matters identified in plaintiff's billing records as "Birch Mountain" and "adv. Jack Allison," and defendant periodically was billed for the legal fees and expenses incurred in conjunction therewith. By October 2010, defendant owed plaintiff a total of $7,083.59— representing $1,618.90 in unpaid fees and expenses with respect to the Birch Mountain matter and $5,464.69 with respect to the Allison matter—and, when no payment appeared to be forthcoming, plaintiff commenced this action against defendant for an account stated. Following joinder of issue and discovery, plaintiff successfully moved for summary judgment. This appeal by defendant ensued.

We affirm. "An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due" (*Jim-Mar Corp. v Aquatic Constr.*, 195 AD2d 868, 869 [1993] [citations omitted], *lv denied* 82 NY2d 660 [1993]; *accord Antokol & Coffin v Myers*, 86 AD3d 876, 877 [2011]; *J.B.H., Inc. v Godinez*, 34 AD3d 873, 874 [2006]). An attorney or law firm, in turn, may "recover under such cause of action with proof that a bill, even if unitemized, was issued to a client and held by the client without objection for an unreasonable period of time" (*O'Connell & Aronowitz v Gullo*, 229 AD2d 637, 638 [1996], *lv denied* 89 NY2d 803 [1996]; *see Antokol & Coffin v Myers*, 86 AD3d at 877; *see also Law Offs. of Clifford G. Kleinbaum v Shurkin*, 88 AD3d 659, 660 [2011]). Notably, the attorney or law firm in question need not "establish the reasonableness of the fee since the client's act of holding the statement without objection will be construed as acquiescence as to its correctness" (*O'Connell & Aronowitz v Gullo*, 229 AD2d at 638; *see generally Levine v Harriton & Furrer, LLP*, 92 AD3d 1176, 1178 [2012]; *J.B.H., Inc. v Godinez*, 34 AD3d at 874-875).

Here, plaintiff demonstrated its entitlement to judgment as a matter of law by tendering evidence that it generated invoices for services rendered on a monthly basis, mailed those invoices to defendant and did not receive any specific objection in response thereto until after the commencement of this action (*see American Express Centurion Bank v Gabay*, 94 AD3d 795, 795 [2012]; *Levine v Harriton & Furrer, LLP*, 92 AD3d at 1178-1179; *Law Offs. of Clifford G. Kleinbaum*, 88 AD3d at 660; *O'Connell & Aronowitz v Gullo*, 229 AD2d at 638-639). Although defendant asserted that he repeatedly complained regarding the amount of the bills, as well as the manner in which the various retainers he provided were applied thereto, noticeably absent from the record is any documentation—prior to the commence-

ment of this action—substantiating defendant's objections in this regard, and the case law makes clear that generalized, oral protestations are insufficient to defeat a motion for summary judgment (*see Levine v Harriton & Furrer, LLP*, 92 AD3d at 1179; *Antokol & Coffin v Myers*, 86 AD3d at 877; *J.B.H., Inc. v Godinez*, 34 AD3d at 875; *compare M & A Constr. Corp. v McTague*, 21 AD3d 610, 612 [2005]).

To the extent that defendant contends that further discovery is warranted, we disagree. Despite defendant's assertion that plaintiff failed to properly apply a prior retainer and/or refused to refund any unused portion thereof, defendant failed to assert a counterclaim or raise any affirmative defense in this regard, and any further "disclosure would not contradict plaintiff's proof" (*George S. May Intl. Co. v Thirsty Moose, Inc.*, 19 AD3d 721, 722 [2005]). Defendant's remaining contentions, including his assertion that plaintiff violated the Rules of Professional Conduct (*see* 22 NYCRR 1200.0) are either unpreserved for our review or have been considered and found to be lacking in merit.

Peters, P.J., Spain and Garry, JJ., concur. Ordered that the order is affirmed, without costs.