■ ROBSON & MILLER, LLP, Respondent, v WALTER SAKOW, Appellant. [995 NYS2d 25]—

Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 6, 2013, awarding plaintiff law firm (R&M) the total sum of $182,429.60 as against defendant (Sakow), and bringing up for review an order, same court and Justice, entered March 6, 2013, which granted R&M's motion for summary judgment on its claim for account stated to recover legal fees, unanimously affirmed, with costs.

The motion court properly concluded that the varying figures given by R&M during this litigation, as to the total outstanding fees due, did not undermine R&M's prima facie case for an account stated, inasmuch as the discrepancies were plainly attributable to the incompetence of its original attorney in drafting the motion papers on its previous motions for summary judgment, which, inter alia, did not include R&M's complete billing invoices from the past, and records of off-sets that the parties had agreed to. The monthly invoices and records—the timely receipt of which Sakow never disputed—were never challenged by Sakow as to accuracy or reasonableness until the instant litigation was commenced years later. Such circumstances, including that Sakow continued to make payments towards the total fees accrued and billed, without reservation, belie the belated challenges to the reasonableness of the invoiced fees (*see e.g. Jaffe v Brown-Jaffe*, 98 AD3d 898 [1st Dept 2012]; *Lapidus & Assoc., LLP v Elizabeth St., Inc.*, 92 AD3d 405 [1st Dept 2012]). For similar reasons, Sakow's argument that the initial invoice related to the 2002 to 2008 fee collection period in question, dated March 7, 2002, reflected a bare, "balance forward" figure of $81,484.75 without requisite supporting time sheet information, is unavailing (*see generally Shea & Gould v Burr*, 194 AD2d 369 [1st Dept 1993]; *O'Connell & Aronowitz v Gullo*, 229 AD2d 637 [3d Dept 1996], *lv denied* 89 NY2d 803 [1996]). The record reflects that R&M represented Sakow on many legal matters since 1989, and that R&M would send regular, detailed monthly invoices to account for the fees claimed. The record also demonstrates that Sakow never denied receipt of invoices supporting the "balance forward" figure referenced in the March 7, 2002 invoice, that no objection was raised as to such invoices, and that Sakow continued to make regular payments towards the invoices.

Sakow's argument that he was entitled to an offset for certain in-kind expenditures he outlaid in 2000 to renovate an apartment that he owned, and in which he allowed R&M's principal counsel to reside, was never pleaded and lacks corroborative documentary support, and, in any event, such proposed, unrelated offset claim would be time-barred (*see* CPLR 213 [2]; 203 [d]).

Even assuming, arguendo, contrary to the motion court's finding, that Sakow adequately pleaded a malpractice defense claim related to the disputed fees (*see* CPLR 203 [d]), it is unavailing. Sakow's factual averments fail to raise a triable issue regarding the causation element, i.e., that but-for R&M's alleged negligent conduct, Sakow's wife would have prevailed in a

particular litigation at issue here, and that Sakow would not have been sanctioned therein (the sanction was overturned), or would not have incurred legal fees to defend against the sanction (*see generally Schulte Roth & Zabel, LLP v Kassover*, 80 AD3d 500 [1st Dept 2011], *lv denied* 17 NY3d 702 [2011]). Concur—Gonzalez, P.J., Mazzarelli, Andrias, DeGrasse and Clark, JJ.