■ CHRISTINE COSTOPOULOS, Appellant, v ELEANOR M. DE-COURSEY et al., Respondents. [57 NYS3d 249]—

Mulvey, J. Appeal from that part of an order of the Supreme Court (Ryba, J.), entered August 26, 2016 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for sanctions.

Plaintiff retained defendants in connection with a Family Court matter involving, among other things, the collection of past due support payments. Following plaintiff's failure to pay her legal fees, the matter was submitted to arbitration pursuant to the Rules of the Chief Administrator of the Courts. In an arbitration award, defendants were awarded the entire amount of their claimed fees. Plaintiff then sought a trial de novo, alleging, among other things, that she had been overcharged. Defendants answered, setting up six affirmative defenses, including, as the fifth affirmative defense, the arbitration award in favor of defendants. Defendants then moved for summary judgment and to confirm the arbitration award. Plaintiff cross-moved requesting, among other things, that the fifth affirmative defense be stricken from the answer, and that she be awarded sanctions for frivolous conduct. Supreme Court

---

granted plaintiff's cross motion striking the fifth affirmative defense, denied defendants' motion to confirm the arbitration award and denied plaintiff's cross motion for sanctions. However, the court granted defendants' motion for summary judgment based on an account stated and dismissed the complaint. Plaintiff appeals.

We affirm. Supreme Court did not err when it awarded defendants summary judgment on the theory that defendants had established an account stated with plaintiff. "An attorney can recover fees on an account stated with proof that a bill was issued to a client and held by the client without objection for an unreasonable period of time" (*Antokol & Coffin v Myers*, 86 AD3d 876, 877 [2011] [internal quotation marks, ellipsis and citation omitted]; *see Whiteman, Osterman & Hanna, LLP v Oppitz*, 105 AD3d 1162, 1163 [2013]). Notably, the defendants "need not 'establish the reasonableness of the fee since the client's act of holding the statement without objection will be construed as acquiescence as to its correctness' " (*Whiteman, Osterman & Hanna, LLP v Oppitz* 105 AD3d at 1163, quoting *O'Connell & Aronowitz v Gullo*, 229 AD2d 637, 638 [1996], *lv denied* 89 NY2d 803 [1996]). In support of their motion, defendants submitted the retainer agreement, copies of the monthly unpaid invoices sent to plaintiff, and copies of email correspondence between defendant Nicole Helmer Simon and plaintiff. These documents demonstrated plaintiff's receipt of the invoices, partial payment thereon and lack of specific objections to the invoices.* These "submissions satisfied [defendants'] prima facie burden to show that accounts were submitted and retained without objection, thus shifting the burden to [plaintiff] to demonstrate the existence of triable issues of fact" (*Levine v Harriton & Furrer, LLP*, 92 AD3d 1176, 1179 [2012]; *see* CPLR 3212 [b]; *Schlenker v Cascino*, 124 AD3d 1152, 1153 [2015], *lv denied* 25 NY3d 904 [2015]; *Whiteman, Osterman & Hanna, LLP v Oppitz*, 105 AD3d at 1163).

In opposition to defendants' motion, plaintiff submitted her affidavit and copies of emails between her and Simon. Our review of the proof offered by plaintiff shows that, in March 2015, plaintiff expressed questions about general billing policies set forth in the retainer agreement, including the time charged to her for sending and receiving emails. Although plaintiff's objections were not specific in detail, after an exchange of emails between plaintiff and Simon, these concerns

---

* As is relevant here, the retainer agreement provides that, "[u]pon receipt of our bill, you are expected to review the bill and promptly bring to our attention any objections you may have to the bill."

were resolved by a credit on plaintiff's next monthly bill. Thereafter, defendants sent plaintiff monthly bills that were received and retained by plaintiff, and upon which plaintiff made periodic payments, with the last payment made on September 21, 2015. During the period between March 2015 and October 20, 2015, plaintiff received and retained seven monthly bills that detailed the hourly rate, hours expended and the services rendered. During this period, plaintiff failed to articulate any questions directed at specific instances where she found the bills to be in error, and this lack of specific objection establishes the correctness and reasonableness of the fees (*see Whiteman, Osterman & Hanna, LLP v Oppitz*, 105 AD3d at 1163; *O'Connell & Aronowitz v Gullo*, 229 AD2d at 638). The emails upon which plaintiff relies to establish her objections to the amount due, including her emails of October 20, 2015 and November 5, 2015, reveal that plaintiff "failed to rebut the inference that [she] agreed to the account by tendering evidentiary proof of circumstances tending to show a contrary inference" (*Levine v Harriton & Furrer, LLP*, 92 AD3d at 1179 [internal quotation marks and citation omitted]) and "were insufficient to raise a triable issue of fact as to the existence of an account stated" (*Schlenker v Cascino*, 124 AD3d at 1153 [internal quotation marks and citations omitted]). The emails and, indeed, plaintiff's own affidavit reveal only generalized objections relating to the escalating expenses due to delays in the litigation outside the control of defendants. These delays were mainly due to adjournments requested by the other party in the litigation and unfavorable court rulings relating to discovery. The long hiatus between plaintiff's receipt, retention, and the lack of specific objection to defendants' bills, including her partial payment thereon, implies an account stated since, " '[w]hen no timely objection is raised after an account is presented, silence is deemed acquiescence and warrants enforcement of the implied agreement to pay' " (*Haselton Lbr. Co., Inc. v Bette & Cring, LLC*, 123 AD3d 1180, 1181 [2014], quoting *Levine v Harriton & Furrer, LLP*, 92 AD3d at 1178).

We have reviewed plaintiff's other contentions, including those relating to Supreme Court's denial of her request for sanctions, and find them unpersuasive and otherwise to be without merit.

McCarthy, J.P., Rose and Clark, JJ., concur. Ordered that the order is affirmed, with costs.