Solartech Renewables, LLC v Techcity Props., Inc. (2018 NY Slip Op 08739)





Solartech Renewables, LLC v Techcity Props., Inc.


2018 NY Slip Op 08739


Decided on December 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 20, 2018

526774

[*1]SOLARTECH RENEWABLES, LLC, Appellant,
v
TECHCITY PROPERTIES, INC., et al., Respondents.

Calendar Date: November 19, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.


Handel & Carlini, LLP, Poughkeepsie (Anthony C. Carlini Jr. of counsel), for appellant.
Jacobowitz & Gubits, LLP, Walden (Robert M. Lefland of counsel), for respondents.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Supreme Court (Gilpatric, J.), entered August 10, 2017 in Ulster County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint.
Plaintiff manufactured solar panels and related equipment and, beginning in 2010, leased commercial space at an office complex owned by defendant AG Properties of Kingston, LLC and managed by defendant Techcity Properties, LLC. The lease provided that the parties would, if certain conditions were met, enter into a "mutually acceptable agreement" allowing plaintiff's participation in competitive bidding on rooftop solar installations at the complex. Plaintiff thereafter contracted with AG Properties to install one rooftop solar generation system at the complex and took steps to build two more. Plaintiff's planning included a successful application for grant funding and the purchase of solar cells, but a written contract to build either additional system was not executed and invoices to defendants for the solar cells were not paid.
Plaintiff commenced this action and asserted claims for, as relevant here, breach of a contract to construct the two additional systems and account stated for the unpaid solar cell invoices. Following joinder of issue, defendants moved for summary judgment dismissing the complaint. Plaintiff cross-moved for summary judgment or, in the alternative, to compel a response to its discovery demands. Supreme Court granted defendants' motion and denied the cross motion. Plaintiff now appeals, focusing upon the dismissal of its breach of contract and account stated claims.
Plaintiff argues that, at a minimum, questions of fact exist as to whether defendants breached a binding contract providing for the construction of the two proposed systems. Defendants rejoin that there was no enforceable agreement to build those systems, noting that "[t]o form a binding contract there must be a meeting of the minds, such that there is a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (Stonehill Capital Mgt. LLC v Bank of the W., 28 [*2]NY3d 439, 448 [2016] [internal quotation marks and citations omitted]; see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589 [1999]; Solartech Renewables, LLC v Vitti, 156 AD3d 995, 997 [2017]).
In that regard, the provision in the 2010 lease directing future negotiations on plaintiff's potential involvement in solar installation projects was, by itself, an unenforceable "agreement to agree" (Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d 105, 109 [1981]; see Female Academy of the Sacred Heart v Doane Stuart School, 91 AD3d 1254, 1255-1256 [2012]). There was no written agreement for plaintiff to install the two proposed systems and, while defendants' present statute of frauds argument is not properly before us, it remains that "a formal writing would be the ordinary expectation" for work expected to cost millions of dollars (U.K. Cable Ventures v Bell Atl. Invs., 232 AD2d 294, 295 [1996], lv dismissed 89 NY2d 981 [1997]; see Allied Sheet Metal Works v Kerby Saunders, Inc., 206 AD2d 166, 170 [1994]). Defendants established why that expectation was not met here through affidavits and documentary evidence showing that a written agreement was never executed because the parties never reached agreement on material terms that included how to finance the projects (see Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC, 31 AD3d 983, 985 [2006]; Allied Sheet Metal Works v Kerby Saunders, Inc., 206 AD2d at 170).
Plaintiff attempted to raise "material questions of fact" with proof that it had already entered into an agreement to install one solar system at the complex, that defendants expressed interest in having plaintiff install the two additional systems, and that plaintiff purchased solar cells and performed other work in the expectation that it would do so (Alvarez v Prospect Hosp., 68 NY2d 320, 324, 327 [1986]). These submissions did not, however, raise any question on the dispositive issue of whether the parties reached agreement on the material terms of a contract to install the additional systems (see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88, 91-92 [1991]; Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d at 110-111). Accordingly, defendants established that no binding construction contract existed, and Supreme Court properly dismissed the breach of contract claim against them (see Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC, 31 AD3d at 985; Spectrum Research Corp. v Interscience, Inc., 242 AD2d 810, 811 [1997]).
We reach a different result with regard to plaintiff's claim for an account stated, which is "an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due, and may be implied from the retention of an account rendered for an unreasonable period of time without objection and from the surrounding circumstances" (Chianis & Anderson Architects, PLLC v Courterback Dev. Co., LLC, 140 AD3d 1286, 1288 [2016] [internal quotation marks and citations omitted], lv dismissed and denied 28 NY3d 1021 [2016]; see Haselton Lbr. Co., Inc. v Bette & Cring, LLC, 123 AD3d 1180, 1181 [2014]; J.B.H., Inc. v Godinez, 34 AD3d 873, 874-875 [2006]). In the course of the unsuccessful negotiations over an agreement to install the two proposed systems, plaintiff purchased approximately $1.9 million worth of solar cells for one of the projects and, beginning in December 2011, periodically invoiced defendants for the purchase price and storage costs of the cells. The initial invoice stated that the solar cells were "purchased and held pursuant to agreement with" defendants, and noted that defendants' representative had "acknowledge[d] receipt of [defendants'] inventory." Plaintiff's chairperson averred that defendants' chief executive officer and a consultant had acknowledged receipt of the solar cells on behalf of defendants, and attached purchase documents for the solar cells bearing what plaintiff's chairperson stated were the initials of those two individuals.
In response, defendants admitted that they had never objected to the invoices, which "is deemed acquiescence and warrants enforcement of the implied agreement to pay" (Chisholm-Ryder Co. v Sommer & Sommer, 70 AD2d 429, 431 [1979]; accord J.B.H., Inc. v Godinez, 34 AD3d at 875; see Fink, Weinberger, Fredman, Berman & Lowell v Petrides, 80 AD2d 781, 781 [1981], appeal dismissed 53 NY2d 1028 [1981], 54 NY2d 641 [1981]). Moreover, the bare assertions of defendants' chief executive officer that the solar cells were neither ordered nor acknowledged by defendants, which conflicted with his evasive responses to deposition [*3]questions regarding whether he or defendants' consultant had acknowledged the acquisition of the cells, were "insufficient to counter the facts established by
. . . plaintiff's documentary evidence" (Neuman Distribs. v Jacobi Med. Ctr., 298 AD2d 568, 569 [2002]; see Drug Guild Distribs. v 3-9 Drugs, 277 AD2d 197, 198 [2000], lv denied 96 NY2d 710 [2001]). Thus, plaintiff established its entitlement to judgment on the account stated claim as a matter of law, and its cross motion seeking summary judgment on that claim should have been granted.
McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing the account stated cause of action and denied plaintiff's cross motion for summary judgment on that cause of action; motion denied to said extent, cross motion granted to said extent; and, as so modified, affirmed.