## Hertz, Cherson & Rosenthal, P.C. v 388 Broadway Owners LLC

2025 NY Slip Op 32255(U)

June 24, 2025

Supreme Court, New York County

Docket Number: Index No. 160801/2023

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. EMILY MORALES-MINERVA**          PART          **42M**

*Justice*

------------------------------------------------------------------------X

HERTZ, CHERSON & ROSENTHAL, P.C.

                Plaintiff,

- v -

388 BROADWAY OWNERS LLC,

                Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 160801/2023 |
| **MOTION DATE** | 05/20/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12

were read on this motion to/for         JUDGMENT - DEFAULT          .

APPEARANCES:

    Hertz, Cherson & Rosenthal, P.C., Forest Hills, NY (Ashley Marie Elenio, Esq., of counsel), for plaintiff.

EMILY MORALES-MINERVA, J.S.C.

    In this action to recover unpaid attorneys' fees, plaintiff HERTZ, CHERSON & ROSENTHAL, P.C., moves, by notice of motion (motion seq. no. 001), pursuant to CPLR § 3215, for an order granting it a default judgment against defendant 388 BROADWAY OWNERS LLC in the amount of $26,958.38, plus statutory interest from August 2018. Defendant does not appear or submit opposition.

    For the reasons set forth below, the motion is denied.

[* 1]

## BACKGROUND

Plaintiff HERTZ, CHERSON & ROSENTHAL, P.C. (law firm) is a law firm with offices located at 118-35 Queens Boulevard, Forest Hills, New York. Defendant 388 BROADWAY OWNERS LLC (client) is a domestic limited liability company and the owner of property located at 388 Broadway, New York, New York (premises). Law firm contends that, at or around 2018, client retained its legal services (see New York State Electronic Court Filing System [NYSCEF] Doc. No. 001, Complaint).

Further, law firm alleges that, thereafter, it rendered legal services to client from August 2018 through July 2019, totaling $29,958.38 (see id.; see also NYSCEF Doc. No. 006, Statement of Account, dated October 31, 2023). Law firm states that, during its legal representation of client, it mailed invoices to client every 30 days, but client never paid any amount toward the invoices. Finally, law firm alleges that client never objected to the charges set forth in the invoices (see NYSCEF Doc. No. 001, Complaint). However, client failed to make any payments to law firm (see id.).

Consequently, law firm served a Notice of Client's Right to Arbitrate upon client to no avail (see NYSCEF Doc. No. 007, Notice of Client's Right to Arbitrate a Dispute over Attorneys' Fees, dated November 23, 2020). Law firm then commenced the

instant action against client on November 03, 2023, neglecting to specify any cause of action.

As to a cause of action, the complaint merely states:

"15. [Client] retained [law firm's] legal services.

"16. [Law firm] provided legal services in a Supreme Court matter from August 2018 through July 2019.

"17. In total, [law firm] provided legal services to [client] in the amount of $29,658.38.

"18. [Law Firm] is entitled to judgment in the amount of $26,958.38 plus statutory interest beginning in August 2018."

(NYSCEF Doc. No. 001, Complaint). Defendant failed to answer or otherwise respond to the complaint.

Thereafter, law firm filed the instant motion (seq. no. 001) seeking an order, granting it leave to enter a default judgment against client (see CPLR § 3215 [governing default judgments]). Client neither appeared nor filed a response.

In support of the motion, law firm submits an affidavit of service of the summons and complaint, reflecting a service date of December 04, 2023, but a notarization date of January 29, 2024 (NYSCEF Doc. No. 009); an affirmation of service, dated February 08, 2024 (NYSCEF Doc. No. 10); an affidavit of law firm associate Ashley M. Elenio, Esq., dated February 15, 2024 (NYSCEF Doc. No. 004); a copy of client's deed to the premises

[* 3]

(NYSCEF Doc. No. 005); a statement of client's account, dated October 31, 2023 (NYSCEF Doc. No. 006); and an unaddressed Notice of Client's Right to Arbitrate, dated November 23, 2020 (NYSCEF Doc. No. 007).

## ANALYSIS

Pursuant to CPLR § 3215 (a), a plaintiff may seek a default judgment where a defendant fails to appear, plead, or proceed to trial. On a motion for leave to enter a default judgment pursuant to CPLR § 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting party's default in answering or appearing (see generally CPLR § 3215; see also Allstate Ins. Co. v Austin, 48 AD3d 720, 720 [2d Dept 2008]).

"CPLR § 3215 does not contemplate that default judgments are to be rubber-stamped once jurisdiction and a failure to appear have been shown. Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action" (Welz v Brown, 228 AD3d 416, 418 [1st Dept 2024]; Joosten v Gale, 129 AD2d 531, 535 [1st Dept 1987]). While the standard of proof necessary to support an application for a default judgment is not stringent, some

**160801/2023   HERTZ CHERSON & ROSENTHAL, P.C. vs. 388 BROADWAY OWNERS LLC          Page 4 of 10**
**Motion No. 001**

[* 4]

firsthand confirmation of the facts forming the basis of the claim is necessary (see Feffer v Malpeso, 210 AD2d 60, 61 [1st Dept 1994]; see also Resnick v Lebovitz, 28 AD3d 533 [2d Dept 2006]).

Here, though untitled, the complaint appears to allege causes of actions sounding in breach of contract and accounts stated (see generally Kahn v Friedlander, 90 AD2d 868, 869 [3d Dept 1982] [discussing the requirements of a complaint in the context of a motion to dismiss a complaint]; but see Nationstar Mortgage, LLC v Hilpertshauser, 156 AD3d 1052, 1053 [3d Dept 2017] [where a valid cause of action is not stated, "the party moving for a default judgment is not entitled to the requested relief, even on default"], quoting Green v Dolphy Constr. Co. Inc., 187 AD2d 635, 636 [2d Dept 1992]; Resnick, 28 AD3d at 534 [providing that the party seeking default is "required to demonstrate that they at least had a viable cause of action"]).

To prevail on its breach of contract claim, plaintiff must establish that (1) a contract exists between the parties; that (2) plaintiff performed in accordance with the contract; that (3) defendants breached their contractual obligations; and that (4) defendants breach resulted in damages (see generally 34-06 73, LLC v Seneca Ins. Co., 39 NY3d 44, 51 [2022] [quotations and citations omitted] [discussing the standard for a breach of contract in the context of a pleading]). This standard requires

[* 5]

the plaintiff to demonstrate "'the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated'" (Hempel v Wise, 224 AD3d 574, 575 [1st Dept 2024], quoting Matter of Sud v Sud, 211 AD2d 423, 424 [1st Dept 1995]; see also Harman Becker Auto. Sys., Inc. v Avnet, Inc., 2025 NY App Div LEXIS 2126, * 4, 2025 NY Slip Op 02157, ** 2 [1st Dept 2025]).

Law firm's submissions fall short of such prima facie validity. It's complaint merely alleges in a conclusory fashion that "[client] retained [law firm] to perform legal services on its behalf" (NYSCEF Doc. No. 001, Complaint; see NYSCEF Doc. No. 004, Affidavit in Support [repeating same conclusory allegations]). Further, law firm submits no retainer agreement between law firm and client and submits no supporting facts from which the court could determine the terms of a contract, if any.

Without specific facts as to a contract or contract terms, the court has no basis upon which to gauge if plaintiff performed its part of the bargain, if client breached the contract, and if plaintiff sustained damages as a result. Not that law firm alleges anything regarding these prongs for breach of contract. Here again, the language in the complaint and supporting papers is conclusory.

The court next addresses law firm's claim sounding in account stated. "An account stated claim is an account balanced

[* 6]

and rendered, with an assent to the balance express or implied; so that the demand is essentially the same as if a promissory note had been given for the balance" (TH Fashion Ltd. v Vince Holding Corp., 230 AD3d 1079, 1079-1080 [1st Dept 2024], quoting Aronson Mayefsky & Sloan, LLP v Praeger, 228 AD3d 182, 185 [1st Dept 2024][internal quotation marks omitted]). Such assent may be "implied where a defendant retains bills without objecting to them within a reasonable period of time, or makes partial payment on the account" (Stardom Brands, LLC v S.K.I. Wholesale Beer Corp., 172 AD3d 1266, 1268 [2d Dept 2019]; Aronson Mayefsky & Sloan, LLP, 228 AD3d at 185).

However, this cause of action assumes the existence of some indebtedness between the parties, or an express agreement to treat a statement of debt as an account stated (see Dragonetti Bros. Landscaping Nursery & Florist, Inc. v Verizon N.Y., Inc., 208 AD3d 1125, 1126 [1st Dept 2022] [holding that an account stated claim failed because there was no alleged "'agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due'"], citing Ryan Graphics, Inc. v Bailin, 39 AD3d 249, 250 [1st Dept 2007] and Interman Indus. Prods. v R.S.M. Electron Power, 37 NY2d 151, 156 [1975] ["no written instrument" existed "by which the defendant . . .

expressly obligated itself to make the payments required by the accounts stated"]).

When, as here, a law firm is asserting an account stated claim -- it "does not have to establish the reasonableness of its fee" because the client's act of retaining the invoice without objection will be considered acquiescence as to its correctness (Lapidus & Assoc., LLP v Elizabeth St., Inc., 92 AD3d 405, 405 [1st Dept 2012]; see also O'Connell & Aronowitz v Gullo, 229 AD2d 637, 638, [3d Dept 1996] [providing "(a)n attorney can recover under [a] cause of action (for accounts stated) with proof that a bill, even if unitemized, was issued to a client and held by the client without objection for an unreasonable period of time"], lv denied 89 NY2d 803 [1996]; see also Robson & Miller, LLP v Sakow, 121 AD3d 562, 563 [1st Dept 2014] [applying O'Connell, 229 AD2d 637, in the context of an account stated, to reject a client's argument that an invoice required supporting information]).

However, like all parties suing on an account stated, law firm "must establish that it sent invoices to defendant and that those invoices were received and retained by defendant without objection made in a reasonable period of time" (23rd St. Berk, LLC v Journey Flatiron LLC, 2024 NY Misc LEXIS 6707, *4, 2024 NY Slip Op 51276 [U], **2 [Sup Ct New York County] [G. Lebovits, J.S.C.], citing Morrison Cohen Singer & Weinstein, LLP v Brophy,

19 AD3d 161, 161-162 [1st Dept 2005]; LD Exch., Inc. v Orion Telcoms. Corp., 302 AD2d 565, 565 [2d Dept 2003]).

Law firm has not provided satisfactory prima facie proof of these elements. The supporting affidavit of its associate Ashley M. Elenio attests to being "fully familiar with the facts and circumstances of this case based upon a review of the file maintained by my office" (NYSCEF Doc. No. 004, Affidavit of Merit [emphasis added]). A review of the case file does not equate to "firsthand knowledge of the facts forming the basis of the claim" (Guzetti v City of New York, 32 AD3d 234, 236 [1st Dept 2006]; see also William v N. Shore LIJ Health Sys., 119 AD3d 937 [2nd Dept 2014] [plaintiff failed to proffer affidavit of the facts by a party with personal knowledge as required by CPLR § 3215 (f)]).

Further, and in any event, the associate merely affirms that "[law firm] sent invoices to [client] every 30 days" (NYSCEF Doc. No. 004, Affidavit of Merit of Ashley M. Elenio, Esq.). This statement alone -- even if based on firsthand knowledge, which is not the case here -- fails to provide sufficient specificity to satisfactorily establish that law firm mailed any of the invoices attached to client or that client received such invoices.

In addition to defects addressed above, law firm provides insufficient proof of compliance with the additional mailing

requirement of CPLR § 3215(g)(4)(ii). The affirmation of additional mailing provides that the summons was mailed to client at 2093 Philadelphia Pike, #1105, Claymont, DE 19703, while the statement of account provides an address of 38 West 32nd Street New York, New York 10013 for client (see NYSCEF Doc. No. 10, and Doc. No. 006, providing different addresses for client). If 2093 Philadelphia Pike, #1105, Claymont, DE 19703 is client's last known address, it is law firm's responsibility to attest to the same.

Accordingly, it is hereby

ORDERED that plaintiff's motion (seq. no. 001), pursuant to CPLR § 3215, for a default judgment, against defendant 388 BROADWAY OWNERS LLC is dismissed without prejudice; and it is further

ORDERED that the Clerk of Court shall mark the file accordingly.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

6/24/25
_____
DATE

_____
EMILY MORALES-MINERVA, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |