16-1372-cv (L)
Kimm v. Cho

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of August, two thousand seventeen.

PRESENT: PIERRE N. LEVAL
REENA RAGGI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------------

MICHAEL KIMM,
　　　　　　*Plaintiff-Appellee-Cross-Appellant*,

　　　　　　　　　　　　　　　　　　　　　　Nos. 16-1372-cv

　　　　v.　　　　　　　　　　　　　　　　　　16-1560-cv

KYU SUNG CHO,
　　　　　　*Defendant-Appellant-Cross-Appellee*.

------------------------------------------------------------------------

FOR APPELLANT:　　　　　　　　Jed Weiss (David S. Gold, *on the brief*), Cole Schotz P.C., Hackensack, New Jersey.

FOR APPELLEE:　　　　　　　　Michael S. Kimm (Adam Garcia, *on the brief*), Kimm Law Firm, Englewood Cliffs, New Jersey.

Appeal from a judgment of the United States District Court for the Eastern District

of New York (Sandra J. Feuerstein, *Judge*; Arlene R. Lindsay, *Magistrate Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 31, 2016, is AFFIRMED in part and VACATED in part, and the case is REMANDED for further proceedings.

Defendant Kyu Sung Cho appeals from an award of summary judgment in favor of plaintiff Michael Kimm on Kimm's state-law breach-of-contract and account-stated claims arising from Kimm's 14-month defense of Cho and his corporation in New Jersey litigation. The parties principally dispute both the validity of the contract at issue, an unsigned April 2012 retainer agreement (the "Agreement"), and whether Cho timely objected to billing statements.[1] We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm in part and vacate in part.

1.    Summary Judgment

We review *de novo* an award of summary judgment, and in so doing, we "construe the facts in the light most favorable to the non-moving party and . . . resolve all ambiguities and draw all reasonable inferences against the movant." *Walsh v. N.Y.C. Housing Auth.*, 828 F.3d 70, 74 (2d Cir. 2016) (internal quotation marks omitted).

    a.    Contract Validity

Although unsigned, the Agreement at issue may be enforceable where objective

---

[1] Cho does not appeal the district court's denial of his motion to dismiss for failure to join his company Dongbu Tour & Travel, Inc. ("Dongbu") pursuant to Fed. R. Civ. P. 19 and failure to provide pre-action notice pursuant to New Jersey law.

evidence establishes the parties' agreement to, and intent to be bound by, its terms. *See, e.g.*, *Flores v. Lower E. Side Serv. Ctr., Inc.*, 4 N.Y.3d 363, 368-69, 795 N.Y.S.2d 491, 495–96 (2005); *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435, 608 A.2d 280, 284 (1992).[2] Partial performance by one party and the acceptance of such performance by another can satisfy this requirement. *See R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 75–76 (2d Cir. 1984) ("[P]artial performance is an unmistakable signal that one party believes there is a contract; and the party who accepts performance signals, by that act, that it also understands a contract to be in effect."). That is the case here.

In February 2012, Cho and Dongbu were named as defendants in a federal action in New Jersey. Cho solicited Kimm's representation in that matter. On April 3, 2012, and again on April 6, 2012, Kimm sent Cho the challenged Agreement, which Cho received. The Agreement states, *inter alia*, that Cho and Dongbu would pay Kimm a $3,000 monthly retainer fee for general counsel services and, "[s]tarting April 10, 2012 . . . [a] rolling monthly payment of US $10,000.00" to be applied against litigation fees, which would be "discounted . . . equal to 70 percent of billed statements, as and when billed from time to time" or "periodically, as events warrant." J.A. 221–22. Kimm represented Cho and Dongbu in the New Jersey action until November 2013. Cho paid Kimm $133,000. Like

---

[2] Like the district court, we conclude that New York and New Jersey law are materially identical as to the enforceability of unsigned contracts. Thus, we need not choose between them in determining the validity of the Agreement—which contains a choice-of-law provision providing for the application of New York substantive law.

3

the district court, we conclude that such conduct manifests the parties' consent to the Agreement and their intent to be bound by its terms.

In urging otherwise, Cho does not dispute that he retained Kimm and agreed to make monthly payments of $3,000 and $10,000. Nevertheless, he submits that he did not agree to make unspecified larger payments. Cho points to no evidence that affirmatively shows the parties' agreement to Kimm providing representation at a maximum monthly rate of $13,000. Instead, he argues that evidence inconsistent with the Agreement raises factual issues as to the parties' agreement and intent, precluding summary judgment. We are not persuaded.

First, Cho argues that Kimm's failure to provide any statements showing litigation fees in excess of $10,000 per month until July 2013 undermines an inference of agreement to pay such fees. Even assuming that the five record invoices dated June 30, 2012, September 30, 2012, December 31, 2012, March 30, 2013, and June 30, 2013, were not sent until July of 2013, such conduct raises an issue of contract performance, not formation. In short, did Kimm's delay breach his obligation to send hourly fee bills "from time to time," or "periodically, as events warrant"? J.A. 221–22. Delayed billing in July 2013 would not, however, admit an inference that the parties reached a retainer agreement on payment terms other than those in the Agreement that was being substantially performed.

Second, Cho contends that Kimm's failure to mention billing statements in his correspondence with Cho, instead addressing only the monthly fees, is further evidence

4

that the parties never agreed to more than the latter. *See, e.g.*, J.A. 2016 ("Our monthly agreement is a tight budget. We received only a partial $5k check last month."); *id.* at 2019 ("Any chance of getting paid this month? We are still doing a lot of work."). In fact, Kimm's communications were not so limited. An October 22, 2012 email from Kimm to Cho observing that Kimm had "not received a case fee check for Sept[ember] and ha[d] not received any check for this month," expressly advised that the firm was "doing *much more work than the monthly rolling retainer*." *Id.* at 2016 (emphasis added). Thus, Kimm's correspondence does not support Cho's claim that the parties agreed to payment only of the stated monthly fee for litigation services.

In sum, Kimm's partial performance under the Agreement and Cho's acceptance of that performance demonstrates the parties' acceptance of the Agreement and intent to be bound by its terms.[3] Cho has failed to adduce any evidence supporting an inference that he agreed to pay only the stated monthly fees for litigation services or that Kimm provided services with that understanding. Accordingly, like the district court, we conclude that the record establishes that the Agreement at issue is binding.

b.      Breach of Contract

Under New York law, attorneys suing for the breach of retainer agreements must

---

[3] No different conclusion is warranted by Kimm's inclusion of a New Jersey fee arbitration notice in the formal payment demand, which Cho cites as a further deviation from the Agreement. The Agreement provides only that it be construed under New York substantive law; it does not specify a forum. Thus, this action also cannot admit an inference of some different agreement.

prove, in addition to breach and damages, that the agreement was "fair, reasonable, and fully known and understood by" the client. *Albunio v. City of New York*, 23 N.Y.3d 65, 71, 989 N.Y.S.2d 1, 4 (2014) (internal quotation marks omitted). Cho does not specifically challenge the district court's determination that the Agreement here was fair, reasonable, and understood. Thus, there is no triable issue of fact.

As the district court observed, the Agreement is only three pages long, sets forth unambiguous terms in plain language, and specifies hourly rates consistent with those prevailing in the jurisdiction. *See Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 175–76 (2d Cir. 2009) (stating that district courts should ordinarily use in-district hourly rates in calculating reasonable attorney's fees). Cho adduced no evidence that would permit a reasonable jury to conclude that, as the CEO of a corporation that had retained corporate counsel and was previously involved in litigation, he lacked understanding of the Agreement's terms. Further, Cho offers no evidence that he ever objected to the litigation fee provision at issue. His single objection was to certain amounts billed under that provision.

Accordingly, we affirm the district court's award of summary judgment to Kimm on the breach-of-contract claim.

     c.     <u>Account-Stated Claim</u>

An attorney or law firm may recover on a claim of account stated where there is "proof that a bill, even if unitemized, was issued to a client and held by the client without objection for an unreasonable period of time." *Whiteman, Osterman & Hanna, LLP v.*

6

*Oppitz*, 105 A.D.3d 1162, 1163, 963 N.Y.S.2d 432, 434 (3d Dep't 2013) (internal quotation marks omitted). To defeat summary judgment, a defendant-client must show that it made "specific, as opposed to general, allegations of protest." *Levine v. Harriton & Furrer, LLP*, 92 A.D.3d 1176, 1179, 940 N.Y.S.2d 334, 338–39 (3d Dep't 2012) (internal quotation marks omitted). Nevertheless, whether a client's delay in disputing fees is sufficient for an attorney to infer assent "becomes a question of law only in those cases where only one inference is rationally possible." *Landau v. Weissman*, 78 A.D.3d 661, 662, 913 N.Y.S.2d 107, 107 (2d Dep't 2010) (internal quotation marks omitted).

Assuming that billing statements were provided to Cho for the first time in July 2013, Cho's timely objection is evidenced by Kimm's July 23, 2013 email acknowledging "complex" disputes. J.A. 2024. This precludes summary judgment. The fact that Kimm appears to have responded by deleting or trimming certain billings and that Cho did not protest further warrants no different conclusion. Kimm points us to no controlling authority suggesting that such a scenario can support an inference of assent. Indeed, such authority that exists is to the contrary. *See Navimex S.A. De C.V. v. S/S N. Ice*, 617 F. Supp. 103, 106 (S.D.N.Y. 1984) (concluding that a supplementary statement of account "did not constitute an account stated" because defendants' objection to plaintiffs' previous statement of account evidenced "an underlying dispute between the parties" that "preclud[ed] a finding of consent"); *accord United Capital Funding Corp. v. N.Y.C. Dep't of Educ.*, 457 F. App'x 53, 56 (2d Cir. 2012); *DiMare Homestead, Inc. v. Alphas Co. of N.Y.*, No. 09 CIV. 6644 PKC, 2012 WL 1155133, at *23 (S.D.N.Y. Apr. 5, 2012).

7

Accordingly, we vacate the district court's award of summary judgment to Kimm on the account-stated claim.

2.    Sanctions

Kimm cross-appeals the denial of his Fed. R. Civ. P. 11 sanctions motion.  We identify no abuse of discretion in that denial.  *See Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) (stating that denial of Rule 11 sanctions is reviewed for abuse of discretion); *Caisse Nationale de Credit Agricole-CNCA, N.Y. Branch v. Valcorp, Inc.*, 28 F.3d 259, 264–65 (2d Cir. 1994) (stating, in context of Rule 11, that abuse of discretion will not be found unless district court based ruling on erroneous view of law or clearly erroneous assessment of evidence).

3.    Conclusion

We have reviewed the parties' remaining arguments, including Kimm's April 27, 2017 motion to strike, and conclude that they are without merit.   Accordingly, that motion is denied; the March 31, 2016 judgment of the district court is AFFIRMED in part and VACATED in part; and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

8