*Lee v. Hong v. Mommy's Jamaican Market Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand twenty-five.

Present:
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

PETER LEE,

> *Interested-Party Appellant*,

> v.                                                                                          24-2435

SUN YEUL HONG,

> *Plaintiff-Appellee,*
> v.

MOMMY'S JAMAICAN MARKET CORP., KAP WON KIM, MYONG SU KIM, DAE KYU KIM,

> *Defendants-Appellees.*[*]

---

FOR INTERESTED-PARTY-APPELLANT:          Khaled A. El Nabli, Esq., NABLILAW, New York, NY.

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR PLAINTIFF-APPELLEE:                    Michael H. Ryu, Ryu & Ryu, PLC, Flushing, NY.

FOR DEFENDANTS-APPELLEES:         Matthew A. Barish, Esq., Cole Schotz, P.C., New York, NY.

Appeal from an order and judgment of the United States District Court for the Southern District of New York (Liman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the district court is **AFFIRMED**.

Interested-Party-Appellant Peter Lee represented Defendants-Appellees Kap Won Kim, Myong Su Kim, Dae Kyu Kim, and Mommy's Jamaican Market Corp. ("Defendants") in a suit brought by Plaintiff-Appellee Sun Yeul Hong ("Plaintiff") for various wage-and-hour violations under the Fair Labor Standards Act and New York labor law. After Defendants did not timely answer or otherwise respond to the complaint, the district court granted default judgment to Plaintiff and awarded damages and attorneys' fees and costs. The district court subsequently vacated the default judgment based on Defendants' representation that they were not represented by counsel earlier in the litigation and their failure to respond was due to their misunderstanding the nature of the district court proceedings. The case ultimately proceeded to trial, and a jury found Defendants (except for Dae Kyu Kim) liable. After trial, evidence emerged that Lee had in fact represented Defendants all along, pursued a litigation strategy of defaulting in the hope of contesting only damages, and later attempted to cover up the willful default by repeatedly lying to the district court. The district court sanctioned Lee for his conduct. On appeal, Lee argues that the district court's imposition of sanctions was based on an erroneous assessment of the evidence.

2

We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"We review a district court's imposition of sanctions for abuse of discretion." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 113 (2d Cir. 2009). A district court abuses its discretion when it imposes sanctions based on "an erroneous view of the law or on a clearly erroneous assessment of the evidence" or where the imposition of sanctions "cannot be located within the range of permissible decisions." *Id.* (cleaned up).

A district court has inherent authority to impose sanctions on "a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013) (cleaned up). In addition, under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.*

"In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay." *Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 143 (2d Cir. 2012) (cleaned up). Imposition of sanctions under § 1927 similarly requires a showing of bad faith. *Id.* "A finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings." *Wolters Kluwer*, 564 F.3d at 114; *see also Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 286 n.22 (2d Cir. 2021) ("[A] showing of bad faith by clear and convincing evidence is a prerequisite to imposing sanctions under both § 1927 and the district court's inherent authority[.]").

3

Lee argues that the district court's factual findings were based on an erroneous assessment of the evidence. Specifically, he contends that (1) he did not engage in bad-faith conduct because he relied on Kap Won Kim's declarations, which averred that Lee did not represent Defendants until October 2022, and (2) he was not obliged to disclose an engagement letter showing that he had been retained in January 2021 because the letter was not signed by Defendants. Lee's arguments are meritless.[1]

*First*, the district court's findings as to Lee's bad-faith conduct were broader than the narrow points Lee contests.[2] For one, the district court found that Lee had repeatedly misrepresented that he did not know of this action until October 2021, when in fact he had been retained by Defendants in January 2021. That finding was supported by (1) the January 2021 engagement letter, which specifically stated that Lee would monitor the district court's docket and "participate if and when default is entered," Special App'x at 26; (2) Lee's receipt of a $5,000 payment for those services two days after the engagement letter had been transmitted to Defendants; and (3) Lee's shifting story as to when he first met Defendants' representative, Son

---

[1] Lee also argues that the district court lacked jurisdiction to impose sanctions on him. He fails to develop this argument in his opening brief—rather, "[f]or the sake of brevity," he directs the Court to the "jurisdictional arguments asserted in our letter to the trial court filed February 23, 2024." Appellant's Br. at 29. The referenced letter, however, does not make any jurisdictional arguments. *See* App'x at 389-91. To the extent the argument is that the district court lacked personal jurisdiction over Lee following his withdrawal, it is waived. *See Meyer v. Seidel*, 89 F.4th 117, 128–29 (2d Cir. 2023) ("[A]n argument that, in the party's initial brief, is made only perfunctorily or is unaccompanied by some effort at developed argumentation" is waived. (cleaned up)); *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). The district court also plainly possessed subject matter jurisdiction to impose sanctions pursuant to its inherent authority and § 1927. And neither form of jurisdiction dissipated simply because Lee withdrew and the litigation concluded. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("It is well established that a federal court may consider collateral issues [such as the imposition of sanctions] after an action is no longer pending.").

[2] Lee similarly misstates the record in arguing that the district court improperly imposed punitive, rather than compensatory, sanctions. The district court awarded Plaintiff fees and costs for having to prosecute the action beyond securing the default judgment. Defendant Dae Kyu Kim's defense verdict was thus not "successful," *cf.* Appellant's Br. at 28 (capitalization altered), but the direct result of Lee's fraud.

4

Young Chi. We may affirm on that basis alone because the default was vacated on the false premise that Defendants were proceeding without counsel and thus inadvertently defaulted—if the district court had known that Lee represented Defendants all along and pursued a strategy of willful default, the litigation would have concluded in late 2021. *See John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394, 412 n.13 (2d Cir. 2018) ("[W]e may affirm on any ground appearing in the record.").

*Second*, Lee's arguments are specious in any event. Lee knew that Mrs. Kim's declarations were untrue—contrary to the representations in the declarations, Lee had been serving as Defendants' counsel throughout the course of the litigation. Lee's submission of those declarations and his testimony based on their contents were thus without "legal or factual basis." *Wolters Kluwer*, 564 F.3d at 114. It is irrelevant whether Defendants signed the engagement letter because, as the district court correctly concluded, a contract had been formed—Defendants paid Lee in accordance with that agreement and Lee performed the services specified. *See Kimm v. Kyu Sung Cho*, 706 F. App'x 1, 2 (2d Cir. 2017) (summary order). Moreover, Lee's contradictory explanations for his failure to disclose the engagement agreement—first claiming that he willfully failed to disclose it based on a reasonable belief that it was not covered by the discovery order and later claiming that he simply forgot to disclose it—belie the notion that he acted in good faith.

\*     \*     \*

We have considered Lee's remaining arguments and find them to be without merit. For the foregoing reasons, the order and judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5